1998-NMCA-128

965 P.2d 318

**Robert EDWARDS and Priscilla Edwards, Husband and Wife, d.b.a. Robert Edwards Construction Company, Plaintiffs–Appellants,**

**v.**

**Gene FRANCHINI, Kenneth R. Wagner, Scott Oliver, Keith F. Franchini, Stephen P. Curtis, Individually and as Partners of Franchini, Wagner, Oliver, Franchini & Curtis, Defendants–Appellees.**

**No. 17770.**

Court of Appeals of New Mexico.

May 26, 1998.

Certiorari Denied Sept. 9, 1998.

William A. L'Esperance, Albuquerque, for Appellants.

John M. Brant, Rodey, Dickason, Sloan, Akin, & Robb, P.A., Albuquerque, for Appellees.

## OPINION

WECHSLER, Judge.

{1} Defendants were Plaintiffs' attorneys in connection with a lawsuit against the State of New Mexico. On May 19, 1989, before the lawsuit came to trial, Plaintiffs filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court. Plaintiffs did not list any claim against Defendants as an asset of the bankruptcy estate. Upon conversion of the petition to a Chapter 7 bankruptcy petition, the bankruptcy court appointed a trustee of the bankruptcy estate. The trustee filed a motion to accept the trustee's settlement offer settling Plaintiffs' underlying case against the State of New Mexico for $25,000. The bankruptcy court approved the settlement. On November 27, 1993, with Plaintiffs still not bringing any claim against Defendants to the bankruptcy court's attention, the bankruptcy court entered a final decree stating that the bankruptcy estate

had been fully administered. It discharged the trustee and closed the case.

{2} With the conclusion of the bankruptcy proceeding, Plaintiffs brought an action against Defendants in the United States District Court, but that court dismissed the action for lack of subject matter jurisdiction. Then, on December 9, 1994, Plaintiffs filed this action for damages for breach of contract and legal malpractice with regard to the State of New Mexico lawsuit and the bankruptcy proceedings. Defendants answered the complaint and filed motions for summary judgment on the grounds that Plaintiffs lacked standing because of the bankruptcy proceeding and that the statute of limitations barred Plaintiffs' claims. The district court granted summary judgment for lack of standing and Plaintiffs appealed. As Plaintiffs' arguments do not have basis under bankruptcy law, we affirm.

*Standing During Pendency of Proceedings Below*

{3} Defendants based their motion for lack of standing on Rule 1–017(A) NMRA 1998, which requires that the action be prosecuted in the name of the real party in interest. According to Defendants, the bankruptcy trustee, not Plaintiffs, was the real party in interest to file the complaint. A real party in interest is the one who " 'is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit.' " *L.R. Property Management, Inc. v. Grebe,* 96 N.M. 22, 23, 627 P.2d 864, 865 (1981) (quoting *Jesko v. Stauffer Chem. Co.,* 89 N.M. 786, 790, 558 P.2d 55, 59 (Ct.App.1976)).

{4} We look to bankruptcy law to ascertain whether Plaintiffs were real parties in interest to originally bring this action. *See Santistevan v. Centinel Bank,* 96 N.M. 730, 733, 634 P.2d 1282, 1285 (1981). As we later discuss, under the Bankruptcy Code, when a debtor files a bankruptcy petition, all legal or equitable "interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1), (7) (1994); *see*

*In re Dow*, 132 B.R. 853, 859–60 (Bankr. S.D.Ohio 1991). According to the Bankruptcy Code, the debtor has the duty to schedule its assets and liabilities, *see* 11 U.S.C. § 521(1), but even if it does not, unscheduled assets still become property of the bankruptcy estate. *See In re Davis*, 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993). The bankruptcy estate is the responsibility of the bankruptcy trustee in a proceeding under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 704 (trustee has duty to investigate financial affairs of debtor, collect property of estate, and close estate).

■ {5} Unless the court makes a different order, property which the debtor schedules in the petition which is not administered when the court closes the case "is abandoned to the debtor." *Id.* § 554(c). Property which is not administered as part of a bankruptcy case and which is not abandoned to the debtor under Section 554 "remains property of the estate." *Id.* § 554(d). Assets which the debtor does not schedule fall within this latter category of property which continues to be part of the bankruptcy estate. *See Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir.1995) (claim in state court action not scheduled as asset during bankruptcy proceedings not abandoned to debtor under Section 554, but remains part of bankruptcy estate).

■ {6} Plaintiffs did not schedule their claims against Defendants as assets in their bankruptcy petition. They did not bring them to the attention of the trustee when Defendants ceased representing them or at any time during the pendency of the bankruptcy proceedings, and the trustee did not become aware of the claims prior to the 1993 order closing the bankruptcy case. As unscheduled property, the claims continued to be the property of the bankruptcy estate after the closing of the case. *See* 11 U.S.C. § 554(c), (d); *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991) (unscheduled property even though not concealed from trustee not abandoned by operation of Section 554(c)); *In re Drexel Burnham Lambert Group, Inc.*, 160 B.R. 508, 514 (S.D.N.Y.1993) ("[A]ny asset not scheduled pursuant to 11 U.S.C. § 521(1)

remains property of the bankrupt estate."). Because the claims continued as assets of the bankruptcy estate, Plaintiffs did not have any right to enforce them in their own names. *See In re Drexel Burnham Lambert Group, Inc.* 160 B.R. at 514; *In re Davis*, 158 B.R. at 1002. Without the right to enforce the claims, Plaintiffs were not real parties in interest under Rule 1–017(A). The trustee, as the representative of the bankruptcy estate, was the real party in interest with the capacity to sue on the claims. *See* 11 U.S.C. § 323.

### Inclusion of Claims Within Bankruptcy Estate

■ {7} Plaintiffs also argue that a debtor's claim for legal malpractice does not become part of the bankruptcy estate. If Plaintiffs are correct in this argument, Defendants' position that only the bankruptcy trustee is the real party in interest to bring a claim against Defendants would be to no avail, for the trustee would not have responsibility for this type of claim as assets of the bankruptcy estate. To this end, Plaintiffs endeavor to raise a question of first impression in New Mexico: whether a legal malpractice claim is unassignable and exempt from attachment under New Mexico law. According to Plaintiffs, if their claims are unassignable and exempt, the claims would not be part of the bankruptcy estate. Because we do not accept this underlying bankruptcy law proposition, we do not decide the issue of whether legal malpractice claims can be assigned.

{8} With the Bankruptcy Reform Act, Congress substantially revised bankruptcy law. In its revisions, it expanded the definition of the property of the bankruptcy estate. *See Tignor v. Parkinson*, 729 F.2d 977, 980–81 (4th Cir.1984). Under the new Bankruptcy Code, "all legal or equitable interests of the debtor in property as of the commencement of the case" and "that the estate acquires after the commencement of the case" enter the estate. 11 U.S.C. § 541(a)(1), (7). In contrast, Section 70a(5) (11 U.S.C. § 110(a)(5) (1976)) of the old Bankruptcy Act only included within the estate "rights of action" which were transferable or subject to

any type of levy or seizure prior to the filing of the bankruptcy petition. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707–09 (9th Cir.1986); *Tignor,* 729 F.2d at 980. Demonstrating the new expansive nature of the bankruptcy estate, the Bankruptcy Code provides broadly that an interest of the debtor in property becomes property of the estate under Section 541(a), "notwithstanding any provision in an agreement, transfer instrument, or applicable non-bankruptcy law—(A) that restricts or conditions transfer of such interest by the debtor." 11 U.S.C. § 541(c)(1).

{9} Moreover, the Bankruptcy Reform Act of 1978 fundamentally changed the bankruptcy treatment of exempt property. Prior to the Bankruptcy Reform Act, the bankruptcy estate did not include property which was subject to exemption from attachment or execution under state law. *See Sierra Switchboard Co.,* 789 F.2d at 708 ("The Bankruptcy Reform Act eliminated the restrictive language of Section 70(a)(5) regarding those causes of action to which a bankruptcy trustee could take title."); *Tignor,* 729 F.2d at 980–81. The new Bankruptcy Code takes a different approach. *See Tignor,* 729 F.2d at 981. Under Section 541(a)(1) of the Bankruptcy Code, the debtor's legal or equitable property interests become part of the estate. Once part of the estate, property becomes eligible for exemption through 11 U.S.C. § 522 of the Bankruptcy Code. *See Tignor,* 729 F.2d at 981; *see also* 5 *Collier on Bankruptcy* ¶ 541.LH[3][c] (Lawrence P. King, Editor–in–Chief, rev. 15th ed.1997). As a result of this change, the leading cases of the federal circuits interpreting the Bankruptcy Code have considered personal injury claims to be within the estate regardless of the assignability of the claims. *See In re Wischan,* 77 F.3d 875, 877 (5th Cir.1996) ("[D]ebtors' pre-petition causes of action for personal injuries are property of their estates."); *Sierra Switchboard Co.,* 789 F.2d at 707–09 (petitioner's emotional distress claim is part of bankruptcy estate regardless of whether it is transferrable or assignable under state law); *Tignor,* 729 F.2d at 980–81 (under Bankruptcy Code exempt property of the debtor becomes part of the bankruptcy estate, including unliquidated personal injury

claims); *In re Cottrell,* 876 F.2d 540, 542–43 (6th Cir.1989) (even though nontransferable, debtor's personal injury claim becomes property of the bankruptcy estate, rejecting its decision in *In re Baker,* 709 F.2d 1063, 1064 (6th Cir.1983) (per curiam), because *Baker* applied pre-Bankruptcy Reform Act rationale).

{10} Plaintiffs rely on *Scarlett v. Barnes,* 121 B.R. 578 (W.D.Mo.1990), as supporting the proposition that they have standing because the case contains a discussion of why malpractice claims are exempt under state law. However, we read *Scarlett* as being more supportive of Defendants', rather than Plaintiffs', position. In *Scarlett,* the parties agreed that the legal malpractice claim was part of the bankruptcy estate. *See id.* at 579. They joined issue only on the question of whether a state law exemption applied. *See id.* Thus, contrary to Plaintiffs' contention, *Scarlett* actually illustrates the new approach of the Bankruptcy Code.

{11} In short, the issue posed by Plaintiffs of the assignability of their claims against Defendants under New Mexico law is no longer relevant under the scheme of the Bankruptcy Code. Plaintiffs' interests in claims against Defendants were part of the bankruptcy estate once Plaintiffs filed their bankruptcy petition.

*Plaintiffs' Request for Remand*

{12} After the district court ruled on summary judgment, Plaintiffs filed a motion in the United States Bankruptcy Court to reopen their bankruptcy case requesting that the trustee abandon the claims against Defendants so that Plaintiffs may continue to pursue them. The bankruptcy court reopened the case and ordered the reappointment of the trustee. On April 28, 1997, the bankruptcy court entered an order granting Plaintiffs' requested relief. The order: (1) revoked the previously entered discharge and again dismissed the proceeding; (2) maintained "[a]ll previous, non-appealable orders ... in full force and effect"; and (3) discharged the trustee and ratified all previously-approved actions of the trustee "including but not limited to administration of assets or disbursements to creditors or parties in interest."

{13} Plaintiffs urge that on the basis of the bankruptcy court's 1997 dismissal, we remand to the district court "for a new ruling absent the existence of any bankruptcy." We decline to do so because Plaintiffs have not provided the proper predicate for us to consider taking such action.

{14} This court is a court of review which does not review questions which were not before the trial court. *See Cockrell v. Cockrell,* 117 N.M. 321, 323, 871 P.2d 977, 979 (1994). A party may file a motion to remand to the district court to permit the district court to entertain a post-judgment motion which the trial court "could not have considered ... having lost jurisdiction by reason of the appeal." *Terrel v. Duke City Lumber Co.,* 86 N.M. 405, 436, 524 P.2d 1021, 1052 (Ct.App.1974), *rev'd on other grounds,* 88 N.M. 299, 540 P.2d 229 (1975). We will grant such a request: (1) "only upon a showing of exceptional circumstances;" and (2) only "in those cases where it is reasonably apparent that the [t]rial [c]ourt would be disposed to grant such a motion." *Id.*

{15} We do not believe that exceptional circumstances justifying remand exist in this case because we do not agree with Plaintiffs' contention that the bankruptcy court's April 28, 1997 order restored to them all rights to pursue their claims against Defendants as if the bankruptcy proceedings had not occurred. Under their theory, Plaintiffs would have had all rights of action continuously from the date their causes of action originated. Plaintiffs argue: "There was no bankruptcy, there was no discharge, there was no trustee; therefore, there was no Standing issue." Although we agree with Plaintiffs that the bankruptcy court's order returns the rights of action to Plaintiffs, we believe that it does so effective as of the date of the order, not retroactively.

{16} The Bankruptcy Code provides that when the bankruptcy court dismisses a case, unless the court orders otherwise, the dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3). By virtue of the Bankruptcy Code, the April 28, 1997 order revested Plaintiffs' claims against Defendants in Plaintiffs. The language of the Bankruptcy Code does not, however, indicate that Plaintiffs held the claims as if they had not filed a bankruptcy petition. Instead, the express language of the Bankruptcy Code indicates to the contrary. The language of Section 349(b)(3) states that the property "revests" in any entity in which it "was vested." The import of the words which Congress chose is that there exists a period of time in which the property was not vested in the entity in which it "revests." Indeed, that period of time is the pendency of the bankruptcy proceeding. *See State v. Ogden,* 118 N.M. 234, 242, 880 P.2d 845, 853 (1994) (plain language is primary indicator of intent).

{17} In addition, the language of the April 28, 1997 order expressly demonstrates that it is not to have *nunc pro tunc* effect. The bankruptcy court provides in its order that:

2. All previous, non-appealable orders of this Court shall remain in full force and effect despite the terms of this order.

. . . .

4. All actions of the Trustee in this case which were approved by this Court prior to this order, including but not limited to administration of assets or disbursements to creditors or parties in interest, are hereby ratified and not affected by dismissal of this case.

By recognizing and giving effect to its prior actions in the case before it, the bankruptcy court did not intend to dismiss the case in such a manner that it became a nullity. Rather, the order reflects the opposite—that the bankruptcy court intended that its actions and the actions of the trustee during the pendency of the case had full effect despite the dismissal of the case.

{18} Plaintiffs rely on *In re Sports & Science, Ind., Inc.,* 95 B.R. 745 (Bankr. C.D.Cal.1989), and the legislative history of the Bankruptcy Code for the proposition that "the purpose of § 349(b) is to 'undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case.'" *Id.* at 747 (quoting H.R.Rep. No. 95–595, at 338 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6294).

{19} Neither Section 349(b) nor the April 28, 1997 order supports Plaintiffs' position

that the claims revert back to Plaintiffs without giving effect to the existence of bankruptcy case. The legislative history does not contemplate "undoing" all actions during the proceedings, *see* H.R.Rep. No. 95–595, at 338; S.Rep. No. 95–989, at 49 (1978), and the bankruptcy court, in its order, gave recognition to its prior orders. We cannot ignore the facts. Plaintiffs filed a bankruptcy petition, their assets became part of the bankruptcy estate, the trustee administered the estate, and the bankruptcy court entered valid orders affecting the rights of parties. Under Section 349(b), the claims reverted to Plaintiffs only as of the April 28, 1997 order. *Cf. In re Searles,* 70 B.R. 266, 270 (D.R.I. 1987) ("only the property left in the estate at the time of dismissal" reverts under Section 349(b)). As a result, the reopening of the bankruptcy proceedings does not demonstrate exceptional circumstances supporting remand of this case.

{20} Additionally, Plaintiffs have not addressed the requirement for remand that the district court would be disposed to grant Plaintiffs' requested relief. *See Terrel,* 86 N.M. at 436, 524 P.2d at 1052; *State v. Gardner,* 95 N.M. 171, 175, 619 P.2d 847, 851 (Ct.App.1980) (party presenting motion has burden to come forward with evidence sufficient to raise an issue as to the relief claimed in the motion). Having failed to meet their burden, Plaintiffs have not shown that remand is appropriate in this case.

*Conclusion*

{21} Plaintiffs misread the bankruptcy law. As we conclude that their claims were part of the bankruptcy estate, and, as a result, the bankruptcy trustee was the real party in interest at the time of the complaint, the district court properly granted summary judgment. We decline Plaintiffs' request for remand and affirm the district court's judgment.

{22} **IT IS SO ORDERED.**

PICKARD and BUSTAMANTE, JJ., concur.