1998-NMCA-169

968 P.2d 799

**Pamela Sue CRUMPACKER, Plaintiff–Appellant,**

v.

**Mark A. DeNAPLES, M.D., and Guadalupe Medical Center Hospital, Defendants–Appellees.**

**No. 18,759.**

Court of Appeals of New Mexico.

Sept. 24, 1998.

Certiorari Denied, No. 25,420, Nov. 13, 1998.

C. Barry Crutchfield, Templeman & Crutchfield, P.C., Lovington, Lowell Stout & Mark Stout, Stout & Stout, Hobbs, Michael B. Browde, Albuquerque, for Appellant.

Alice Tomlinson Lorenz, Miller, Stratvert & Torgerson, P.A., Albuquerque, for Appellee Mark A. DeNaples, M.D.

John S. Nelson, Atwood, Malone, Turner & Sabin, P.A., Roswell, for Appellee Guadalupe Medical Center Hospital.

## OPINION

APODACA, Judge.

{1} In this medical malpractice action, Plaintiff appeals the trial court's orders denying her motion for leave to amend her complaint and granting summary judgment in favor of Defendants. On appeal, we consider whether the trial court erred in (1) refusing to allow Plaintiff to file an amended complaint, pursuant to Rule 1–015(A) NMRA 1998 and Rule 1–017(A) NMRA 1998, to join the trustee in a bankruptcy proceeding as an additional party plaintiff; and (2) granting summary judgment in favor of Defendants on the basis that Plaintiff lacked standing to bring suit in her own name. We determine the trial court erred under both issues and thus reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{2} In October 1992, Plaintiff underwent surgery for herniated discs in her neck. The surgery was performed by Defendant Mark DeNaples (Defendant DeNaples or DeNaples), a neurosurgeon at Defendant Guadalupe Medical Center Hospital (Defendant Hospital or Hospital). The procedure involved the removal of a disc from Plaintiff's neck and a fusion using a bone graft from Plaintiff's right hip. After the surgery, Plaintiff continued having problems, including severe headaches, numbness and weakness in the left leg and the left arm, restricted neck movement, aching and burning in the neck and shoulder areas, depression, fatigue, and loss of stamina. Plaintiff alleges that her problems were the result of Defendants' negligence.

{3} In May 1994, Plaintiff and her husband, who was terminally ill with a brain tumor, filed for Chapter 7 bankruptcy in federal court. Plaintiff claims that, at the time of the bankruptcy filing, she was unaware that she had any personal injury claims against Defendants. As a result, she did not inform her bankruptcy counsel of any potential claims against Defendants and did not list as an asset of the estate any right of action against Defendants on her bankruptcy schedule. In January 1995, there was a meeting of the creditors, after which Plaintiff believed that the bankruptcy was essentially over.

{4} In June 1995, Plaintiff accompanied her husband to see Dr. Erich Marchand, a neurosurgeon, who was treating Plaintiff's husband for the brain tumor. When Plaintiff complained about her continuing neck problems, Dr. Marchand examined her and advised her that the bone graft from her surgery in October 1992 was pressing on her spine and that the persisting problems were the result of "surgical error" or medical malpractice.

{5} Based on Dr. Marchand's advice, in July 1995, Plaintiff hired a personal injury

attorney to pursue her medical malpractice claim against Defendants. The attorney was not the same attorney who represented Plaintiff in the bankruptcy proceeding. As required by NMSA 1978, § 41–5–15 (1976), Plaintiff's attorney first filed an application with the New Mexico Medical Review Commission asserting a claim of malpractice against Defendant DeNaples. In January 1996, the medical review panel voted and ruled unanimously that DeNaples had committed malpractice. In February 1996, Plaintiff filed the instant malpractice action against Defendants. Plaintiff, however, failed to inform her personal injury attorney of her bankruptcy filing in May 1994. She stated that she "did not seek to hide or avoid any disclosure of the bankruptcy proceeding at any time, but simply believed that the matter was over and ... had no idea that the bankruptcy was involved in [her] claims in this [malpractice] matter...."

{6} Plaintiff did not take any steps during the bankruptcy proceedings to amend the schedule of assets to include the malpractice claim against Defendants. Nor did she disclose to the bankruptcy trustee (the Trustee) her pending litigation against Defendants. In August 1996, the bankruptcy case closed, and the debts of Plaintiff and her husband were discharged.

{7} Plaintiff later hired new counsel to pursue her malpractice claims against Defendants. During discovery in the case, Defendants learned that Plaintiff had previously filed for bankruptcy but did not list as an asset of the estate the instant malpractice claim against Defendants. Consequently, Defendants moved for summary judgment on the grounds that, under bankruptcy law, Plaintiff's malpractice claim was the property of the bankruptcy estate. Defendant's motion was premised on the argument that only the Trustee was the real party in interest to assert the claim, and Plaintiff thus lacked standing to bring the suit.

{8} In April 1997, immediately after Defendants had filed their motions for summary judgment, Plaintiff's bankruptcy counsel moved to reopen the bankruptcy for the purpose of reappointing the Trustee and amending the bankruptcy schedule to include the malpractice claim against Defendants. The bankruptcy court granted the motion to reopen the case so that the malpractice claim could be administered by the Trustee for the benefit of the creditors whose claims totaled approximately $38,000. According to the Trustee's affidavit filed in support of Plaintiff's motion to amend and in opposition to Defendants' motion for summary judgment, the Trustee authorized Plaintiff's personal injury attorneys to pursue the malpractice claim against Defendants on behalf of the bankruptcy estate. The Trustee also consented to his joinder as a plaintiff in the suit against Defendants.

{9} In May 1997, Plaintiff filed a motion for leave to amend her complaint to join the Trustee as a plaintiff in the malpractice action. In support of her motion, Plaintiff argued that the omission of the Trustee as a plaintiff from the original complaint was an "honest mistake" within the meaning of the term in Rule 1–017(A).

{10} In opposing the motion to amend, Defendants disputed whether there was an honest mistake by Plaintiff. They argued that the failure to name the Trustee as the real party in interest was the result of Plaintiff's neglect and lack of diligence. They also contended that joinder was not allowed under Rule 1–017(A) because the statute of limitations had expired.

{11} The trial court granted summary judgment in favor of Defendants and denied Plaintiff leave to file her amended complaint. The trial court reasoned that Plaintiff had filed her malpractice action six months before the bankruptcy closure. As a result, she had plenty of time to notify bankruptcy counsel of the pending malpractice suit and to amend the bankruptcy schedule to include the claim against Defendants as an unliquidated asset of the estate. The trial court also concluded that Plaintiff had no standing to pursue the malpractice claim because of her discharge from bankruptcy.

{12} This appeal followed. In October 1997, the Trustee filed an independent lawsuit against Defendants asserting the same claims asserted by Plaintiff in the instant suit.

## II. DISCUSSION

### A. Mootness

{13} Initially, we address Defendant Hospital's argument that the Trustee's filing of a separate but identical lawsuit against Defendants renders this appeal moot insofar as it relates to Hospital. Defendants rely on *G.E.W. Mechanical Contractors, Inc. v. Johnston Co.*, 115 N.M. 727, 858 P.2d 103 (Ct.App.1993). We reject this argument.

{14} As Plaintiff notes in her reply brief, upon the trial court's dismissal of the action, it became apparent to Plaintiff's counsel that an applicable statute of limitations relevant to the claim against Defendant Hospital could possibly expire during the pendency of the appeal. Thus, to preserve the claim against the possible bar of the statute of limitations, counsel filed a separate action against Defendants in the name of the Trustee. *See George v. Caton*, 93 N.M. 370, 377, 600 P.2d 822, 829 (Ct.App.1979) (noting that an attorney who delays bringing an action until the statute of limitations has run may be guilty of negligence). Plaintiff is correct in pointing out that *G.E.W.* did not involve the statute-of-limitations dilemma faced by Plaintiff in this case. There was no prejudice to the plaintiff in *G.E.W.* arising from dismissal of the first lawsuit because there was no similar statute-of-limitations bar to the second lawsuit, such as Plaintiff faces here. Additionally, as we more fully discuss in this opinion, the analysis in *G.E.W.*, which favors joinder of the real party in interest under our state's rules of civil procedure to avoid the multiplicity of suits, generally supports Plaintiff's claim on the merits. We therefore hold that Plaintiff's appeal is not moot as it relates to Hospital.

{15} Defendant DeNaples makes the related argument that Plaintiff is not an aggrieved party for purposes of bringing this appeal. *See* NMSA 1978, § 39–3–2 (1966) (providing that "any party aggrieved" may appeal from a final order or judgment); *St. Sauver v. New Mexico Peterbilt, Inc.*, 101 N.M. 84, 85–86, 678 P.2d 712, 713–14 (Ct. App.1984) (discussing requirements of aggrieved party). However, as we discuss below, although Plaintiff was not the real party in interest to pursue the claim against Defendants, she had standing to sue and is, therefore, an aggrieved party entitled to bring this appeal.

### B. Denial Of Motion For Leave To Amend Complaint

#### 1. Standard Of Review

{16} The standard of review for the denial of a motion to amend is abuse of discretion. *See Schmitz v. Smentowski*, 109 N.M. 386, 390, 785 P.2d 726, 730 (1990) (stating that motions to amend rest within the sound discretion of trial court and will be reversed on appeal only for abuse of discretion). In determining whether to grant a motion to amend, the trial court must give due regard to the well-recognized rule that amendments to pleadings are favored, and must be allowed when justice so requires. *See* Rule 1–015(A) (mandating that "leave shall be freely given when justice so requires"); *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank* 105 N.M. 433, 436, 733 P.2d 1316, 1319 (1987).

{17} Our Supreme Court has noted that, even if a party does not consent to amendment, the trial court is required to allow it freely if the objecting party fails to show he or she will be prejudiced. *See Schmitz*, 109 N.M. at 390, 785 P.2d at 730. Consequently, in considering a motion to amend, the trial court's exercise of discretion is limited by the policy of liberally allowing amendments to pleadings so that claims may be decided on the merits rather than on mere technicalities of procedure. *See Raven v. Marsh*, 94 N.M. 116, 118, 607 P.2d 654, 656 (Ct.App.1980) (stating that "liberality with which Rule 15 is to be viewed applies mainly to the manner in which the court's discretion shall be exercised in permitting amended pleadings"); *Chavez v. Regents of the Univ. of N.M.*, 103 N.M. 606, 610, 711 P.2d 883, 887 (1985) (providing that "New Mexico follows the principle that in the interests of justice and to promote the adjudication of a case upon its merits, amendments should be freely granted").

{18} The United States Supreme Court has articulated the following standard for

courts to employ in determining whether to grant leave to amend a pleading under Fed. R.Civ.P. 15(a), after which Rule 1–015(A) is modeled:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires;" this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (citation omitted); *see also Benavidez v. Benavidez,* 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (noting that court may look at federal law construing rule of civil procedure if state rule is same as federal rule). As discussed below, in applying the above standards and principles to the facts of this case, we conclude that the trial court abused its discretion in denying Plaintiff's motion to amend her complaint.

### 2. Joining Trustee As Real Party In Interest Under Rule 1–017

{19} Plaintiff requested leave to file an amended complaint joining the Trustee as an additional party plaintiff. The parties do not dispute that the Trustee is the real party in interest to bring suit against Defendants. *See* Rule 1–017(A) (requiring that every action "be prosecuted in the name of the real party in interest"). A real party in interest is one who " 'is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit.' " *Marchman v. NCNB Tex. Nat'l Bank,* 120 N.M. 74, 81, 898 P.2d 709, 716 (1995) (quoting *L.R. Property Management, Inc. v. Grebe,* 96 N.M. 22, 23, 627 P.2d 864, 865 (1981)). In the case before us, bankruptcy law dictates that the Trustee is the real party in interest to assert the malpractice action against Defendants. *See Edwards v.*

*Franchini,* 1998–NMCA–128, ¶ 21, 125 N.M. 734, 965 P.2d 318 (Ct.App.1998) (holding that once a bankruptcy petition is filed, all claims belong to the bankruptcy estate, and the trustee alone is the real party in interest to assert the claims); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1544 (2d ed. 1990) (Wright, Miller & Kane) (providing that court must look to substantive law to see if action has been brought by party possessing right to enforce claim).

{20} The bankruptcy code broadly defines the property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed, including causes of action which the debtor fails to disclose in his bankruptcy schedules. *See Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988). This includes prepetition and unliquidated claims for personal injuries. *See Edwards,* 1998–NMCA–128, ¶ 9, 965 P.2d 318. Such claims remain assets of the bankruptcy estate until they are either administered or abandoned by the Trustee. *See* 11 U.S.C. § 554(d) (1984); *In re Davis,* 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993).

{21} In this case, Plaintiff's malpractice claim was not listed as an asset in the original bankruptcy proceedings, nor was it brought to the attention of the Trustee or the bankruptcy court during the bankruptcy proceeding. As a result, the claim was neither administered nor abandoned in the bankruptcy. Only claims that have been administered or abandoned by the Trustee may revest in the debtor in his or her individual capacity at the close of the bankruptcy. *See Dynamics Corp. of Am. v. Marine Midland Bank—New York,* 69 N.Y.2d 191, 513 N.Y.S.2d 91, 505 N.E.2d 601, 603 (N.Y.1987). Because the malpractice claim against Defendants was neither administered nor abandoned in the bankruptcy, the Trustee remained the real party in interest and was the only party entitled to pursue the claim against Defendants.

{22} Under Rule 1–017(A), however, courts may allow a reasonable time for the real party in interest to be joined or substituted in the action "[w]here it appears that [the] action, by reason of honest mistake, is not prosecuted in the name of the real party in interest." In *Chavez*, 103 N.M. at 611, 711 P.2d at 888, our Supreme Court held that a wrongful death action was not barred by the statute of limitations where, under Rule 1–017(A), the plaintiffs' failure to bring the action in the proper capacity could be remedied by securing the appointment of one of the plaintiffs as personal representative and amending the complaint to join the plaintiff in her proper capacity as personal representative of her deceased child's estate.

{23} *Chavez* held that the appointment of the personal representative and the amendment of the complaint would relate back to the initial filing of the complaint. *See id.*, at 611–612, 711 P.2d at 888–89; *see also* Rule 1–017(A) (providing that ratification, joinder or substitution of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest"). We believe that the same principles applied by our Supreme Court in *Chavez* support the amendment of Plaintiff's complaint to join the Trustee as the real party in interest in this case.

{24} Defendant DeNaples attempts to distinguish *Chavez* by noting that the plaintiff and the personal representative in that case were the same person. In this appeal, DeNaples argues, the identities and the interests of Plaintiff and the Trustee are separate and different. He also contends that *Chavez* is inapplicable because this appeal involves a real party in interest, the Trustee, who had no knowledge of the lawsuit filed against Defendants and whose interest in the lawsuit allegedly conflicts with Plaintiff's interest, citing *Fernandez v. Char–Li–Jon, Inc.*, 119 N.M. 25, 888 P.2d 471 (Ct.App. 1994).

{25} *Fernandez*, 119 N.M. at 27, 888 P.2d at 473, however, involved an amendment to join an additional *defendant* under Rule 1–015(C). That rule applies to "amendment[s] changing the party *against whom a claim is asserted.*" (Emphasis added.) It permits an amendment to relate back to the date of the original complaint if the *defendant* sought to be joined "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Rule 1–015(C)(2).

{26} This case, on the other hand, involves a request to amend a complaint to join the Trustee as a *plaintiff* or the real party in interest under Rule 1–017(A). It does not concern an amendment to add a defendant under Rule 1–015(C). Thus, the Trustee's lack of knowledge of the suit is of no consequence to Plaintiff's motion to amend. Additionally, Defendant DeNaples' argument ignores the firmly established policy reiterated in *Chavez* that amendments should be freely granted and allowed to relate back to the date of the original complaint "in the interests of justice and to promote the adjudication of a case upon its merits." *Chavez*, 103 N.M. at 610, 711 P.2d at 887.

{27} This is particularly true when the defendant will in no way be prejudiced by the amendment. *See id.*, at 611, 711 P.2d at 888. *See also GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997–NMSC–052, ¶¶ 31–32, 124 N.M. 186, 947 P.2d 143 (noting that despite judicial discretion authorized by Rule 1–017(A), and the difference in language between Rule 1–017(A) and Fed.R.Civ.P. 17(a), New Mexico cases still are consistent with the federal rule and federal cases in construing the policies served by providing an opportunity for ratification or joinder or substitution of the real party in interest); *G.E.W.*, 115 N.M. at 730–31, 858 P.2d at 106–07 (concluding that trial court abused its discretion in denying motion to amend under Rule 1–017(A) and Rule 1–021 NMRA 1998 where joinder will avoid multiplicity of suits); *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978) (stating that "New Mexico adheres to the broad purposes of the Rules of Civil Procedure and construes the rules liberally, particularly as they apply to pleading").

{28} Applying the above standards and policies underlying Rule 1–015(A) and Rule 1–017(A) to the facts of this case, we conclude that the trial court abused its dis-

cretion in denying Plaintiff leave to amend her complaint to join the Trustee as an additional plaintiff. Plaintiff contended that the omission of the Trustee from the original complaint was an honest mistake within the meaning of Rule 1–017(A). She stated that she was unaware of her malpractice claim until her meeting with Dr. Marchand in June 1995, more than a year after the filing of her bankruptcy petition. She claimed that she mistakenly believed the bankruptcy had concluded with the meeting of the creditors in January 1995. She also stated in her affidavit that she "did not seek to hide or avoid any disclosure of the bankruptcy proceeding at any time, but simply believed that the matter was over and … had no idea that the bankruptcy was involved in [her] claims in this matter…."

{29} Additionally, as soon as Defendants asserted their objection that Plaintiff was not the real party in interest to pursue the malpractice claim against Defendants, Plaintiff took immediate action in both the bankruptcy court and in the trial court to cure the deficiency in her pleading. Plaintiff successfully moved the bankruptcy court to reopen the bankruptcy to secure the reappointment of the Trustee and to add the malpractice claim to Plaintiff's schedule of assets.

{30} The Trustee then authorized Plaintiff's personal injury attorneys to pursue the malpractice claim in the trial court on behalf of the estate, consenting to his joinder as an additional plaintiff in the action. Meanwhile, Plaintiff filed a motion to amend in the trial court, attaching copies of the relevant bankruptcy papers, as well as affidavits explaining Plaintiff's honest mistake and evidencing the Trustee's consent to the requested joinder. Because Plaintiff took all the necessary steps to enable her to join the Trustee in an expeditious fashion, we hold that the trial court erred in denying Plaintiff's request to file her amended complaint under Rule 1–015(A) and Rule 1–017(A).

{31} Defendant DeNaples disputes that Plaintiff made an honest mistake under Rule 1–017(A), arguing that Plaintiff should have discovered her malpractice claim before the bankruptcy filing and should have disclosed its existence to the bankruptcy court during the pendency of the bankruptcy proceedings. In disputing Plaintiff's honest mistake, however, DeNaples relies solely on his own factual assumptions and legal argument and cannot point to any evidence in the record that Plaintiff's omission of the Trustee was anything other than an honest mistake. *See In re Metropolitan Invs. Inc.*, 110 N.M. 436, 441, 796 P.2d 1132, 1137 (Ct.App.1990) (stating that "arguments of counsel are not evidence").

{32} In the trial court, DeNaples pointed to Plaintiff's knowledge that she was still hurt after the surgery as showing that she should have known that she had a malpractice claim. He also pointed to the usual attorney practice of sending copies of documents to clients as showing that Plaintiff's claim (that she thought the bankruptcy was over) was not worthy of belief. Neither of these two points, in our view, was sufficient to support a finding that Plaintiff did not make an honest mistake.

{33} We consider it noteworthy that the trial court did not make any specific finding that Plaintiff was anything less than honest in not naming the Trustee as a plaintiff in the original complaint. Indeed, the trial court's letter explaining its ruling indicated that it was ruling as a matter of law that, because it was Plaintiff's responsibility to keep her bankruptcy attorney advised of her legal status, she lost her legal capacity to sue once the bankruptcy matter was closed. Under these circumstances, and because there was no evidence in the record to support anything less than an honest mistake, we conclude that Plaintiff has justified relief under Rule 1–017(A). *See Elliott v. ITT Corp.*, 150 B.R. 36, 40 (N.D.Ill.1992) (refusing to dismiss action where plaintiff failed to disclose claim in earlier bankruptcy proceeding simply because of unawareness of claim); *cf. Dailey v. Smith*, 292 Ill.App.3d 22, 225 Ill.Dec. 1000, 684 N.E.2d 991, 995–96 (Ill.App.Ct.1997) (applying judicial estoppel against plaintiff where his awareness of claim at time of bankruptcy filing, motive for concealing claim from creditors, affirmative misrepresentations to the bankruptcy court, and inability to establish reliance on advice of counsel, in face of duty to disclose claims in bankruptcy, gave

rise to inference that plaintiff had acted in bad faith).

{34} We agree with those cases relied on by Plaintiff in which plaintiff-debtors who, having filed personal injury actions in their individual capacities, were allowed to amend their complaints to join or substitute the bankruptcy trustee as the real party in interest under Rule 17(a). *See, e.g., Hammes v. Brumley*, 659 N.E.2d 1021, 1026 (Ind.1995). Although Defendants argue that Plaintiff's cases are factually distinguishable from this case, we cannot embrace such arguments in the face of our courts' liberal policy permitting amendments to pleadings under Rule 1–015(A) and Rule 1–017(A).

{35} Additionally, this is not a case in which undue delay, bad faith, or a dilatory motive has been shown to have existed on the part of Plaintiff. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227. Plaintiff had not made any previous requests for amendments, and she filed her motion to amend within a reasonable time after Defendants' objection, in accordance with Rule 1–017(A). *See Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Brohan v. Volkswagen Mfg. Corp. of America*, 97 F.R.D. 46, 49 (E.D.N.Y.1983) (holding that motion to amend was made within reasonable time when filed a few weeks after defendant's motion to dismiss).

{36} Finally, and most importantly, Defendants have shown no prejudice to them if the amendment were allowed. They do not claim that the joinder of the Trustee would change the nature of the claims, require additional discovery, or increase the time and costs of litigation. *See generally*, 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed.1990). On the other hand, Plaintiff would be significantly prejudiced if the denial of her motion to amend were to stand, since denial would result in the dismissal of her action.

{37} We note that, in the context of other litigation, New Mexico courts have discouraged the dismissal of actions where the real party in interest may be joined or substituted under Rule 1–017(A) without prejudice. *See, e.g., State ex rel. Salazar v. Roybal*, 1998–NMCA–093, ¶ 15, 125 N.M. 471, 963 P.2d 548 (refusing to instruct district court to dismiss child support action on remand even though suit was not brought by real party in interest where adult child, who was real party in interest, could be substituted under Rule 1–017(A) without adverse effect). We thus hold that the trial court erred in denying Plaintiff's motion to amend her complaint to add the Trustee as the real party in interest.

## C. Award Of Summary Judgment

{38} Summary judgment should be granted if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986). We held above that the trial court erred in denying Plaintiff's motion to amend and that the amendment to join the Trustee as a real party in interest would relate back to the date of the original complaint, *see Chavez*, 103 N.M. at 610, 711 P.2d at 887. Because of that holding, we also hold that the trial court erred in granting summary judgment in favor of Defendants. In this case, the material facts are not in dispute. Had the trial court properly granted Plaintiff's motion to amend, however, this would have removed the legal deficiency of the complaint, and there would be no basis for an award of summary judgment.

{39} Defendants argue, however, that, because Plaintiff is not the real party in interest, she had no standing to bring suit in the first place and therefore lacked standing to bring the motion to amend before the trial court. In so arguing, Defendants have confused the requirement of standing to sue with the doctrine of real party in interest.

{40} We first note that the distinction between the two doctrines is often blurred by courts and lawyers. *See* 6A Wright, Miller & Kane, *supra*, § 1542 (stating "it is not surprising that courts and attorneys frequently have confused the requirements for standing with those used in connection with real party in interest"). The two concepts are similar in that "both terms are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." *Id.*

{41} Despite any similarity, standing turns on whether the plaintiff can show an "injury in fact" traceable to the defendant's conduct. *See John Does I Through III v. Roman Catholic Church of the Archdiocese of Santa Fe, Inc.,* 1996-NMCA–094, ¶¶ 16–23, 122 N.M. 307, 924 P.2d 273. The concept of real party in interest, on the other hand, entails identification of the person who possesses the particular right sought to be enforced. *See Jesko v. Stauffer Chem. Co.,* 89 N.M. 786, 790, 558 P.2d 55, 59 (Ct.App.1976). Unlike standing, objections based on real party in interest status can be waived and, thus, are not jurisdictional. *See Town of Mesilla v. City of Las Cruces,* 120 N.M. 69, 70, 898 P.2d 121, 122 (Ct.App.1995) (providing that standing is a jurisdictional question that may be raised at any time); 6A Wright, Miller & Kane, *supra,* § 1542 (noting that challenges to standing, unlike Rule 17(a) objections, cannot be waived).

{42} Notwithstanding Plaintiff's bankrupt status, we conclude that she had standing to sue because she was the party who suffered the alleged injury under the law of negligence. On the other hand, she was not the real party in interest entitled to assert the claim because the Trustee now possesses the right of action against Defendants. *See Hammes,* 659 N.E.2d at 1030 (discussing distinction between standing and real party in interest and holding that because plaintiffs had standing to sue, but simply were not real parties in interest, they should be allowed to amend complaint to add bankruptcy trustee as real party in interest); *but cf. Edwards,* 1998–NMCA–128, ¶¶ 2–4, 965 P.2d 318 (using terms standing and real party in interest interchangeably where there was no reason to address distinction between concepts).

{43} Consequently, because Plaintiff had standing to sue, we hold that her motion to amend was properly before the trial court. For that reason, she should have been permitted to amend her complaint to join the Trustee as the real party in interest. We also hold that the amendment should relate back to the original filing in accordance with Rule 1–017(A).

## III. CONCLUSION

{44} In summary, we hold that the trial court erred in denying Plaintiff leave to file her amended complaint to join the Trustee as an additional party plaintiff and in granting summary judgment in favor of Defendants. We therefore reverse and remand to the trial court with instructions to allow Plaintiff's amended complaint to be filed and for proceedings consistent with this opinion.

{45} **IT IS SO ORDERED.**

PICKARD and BUSTAMANTE, JJ., concur.