This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38790

**MACK-ALEC FRESQUES,**

Plaintiff-Appellant,

v.

**RONALD LEE THOMAS,**

Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemarie Lazcano Allred, Metropolitan Judge**

Mack-Alec Fresques
Albuquerque, NM

Pro Se Appellant

Geer Wissel & Levy, P.A.
Maria Garcia Geer
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from the metropolitan court's order dismissing the case. We issued a notice of proposed summary disposition proposing to affirm, and Plaintiff has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed affirmance was incorrect, and we therefore affirm.

## DISCUSSION

**{2}** We briefly reiterate the relevant background as follows. On June 27, 2019, Plaintiff filed a civil complaint against his brother-in-law, Ronald Thomas (Defendant), in metropolitan court on behalf of Plaintiff's mother, Elizabeth Fresques. Plaintiff stated in the complaint that he was initiating the suit pursuant to power of attorney for Elizabeth Fresques. [RP 1] Plaintiff generally alleged in the complaint that Defendant hired someone to do plumbing repairs on Mrs. Fresques's home, and the plumber had done shoddy work resulting in a potentially dangerous situation for Mrs. Fresques. Plaintiff asserted that Defendant was negligent in failing to ensure that the plumber he hired was a licensed journeyman and that Mrs. Fresques had incurred monetary damages as a result of Defendant's actions. [RP 1-25]

**{3}** Defendant filed an answer in which he asserted that Plaintiff did not have a power of attorney for Mrs. Fresques and that his wife (Mrs. Fresques's daughter), Marvelyn Fresques-Thomas, in fact held the power of attorney for Mrs. Fresques. [RP 109] Defendant attached a copy of a notarized power of attorney authorizing Marvelyn Fresques-Thomas to act for Mrs. Fresques. The power of attorney was executed on October 20, 2018, eight months before Plaintiff filed the complaint. [RP 113-115]

**{4}** Defendant then filed a motion to dismiss the complaint asserting in relevant part that Plaintiff lacked standing to file the lawsuit because he had not shown that he was acting under a power of attorney for Mrs. Fresques, and he had not alleged that he had any ownership interest in the affected property or that he had personally been damaged in any way. [RP 139] *See* Rule 1-017(A) NMRA (providing that "[e]very action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, . . . or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought"); *Crumpacker v. DeNaples*, 1998-NMCA-169, & 19, 126 N.M. 288, 968 P.2d 799 ("A real party in interest is one who is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit." (internal quotation marks and citation omitted)).

**{5}** Plaintiff then filed a document entitled "Motion to Dismiss Action" in which he appeared to ask the metropolitan court remove the power of attorney granted to Marvelyn Fresques-Thomas, asserting that it was obtained in bad faith in order to shield Defendant from liability. [RP 119-122] The metropolitan court held a hearing on the motion and thereafter dismissed the complaint based on Plaintiff's lack of standing. [RP 210; DS 2]

**{6}** In this docketing statement Plaintiff argued that the metropolitan court erred in failing to determine the legitimacy of the Marvelyn Fresques-Thomas power of attorney. Plaintiff argued specifically that Defendant used undue influence, fraud, and coercion to obtain the power of attorney, and the metropolitan court erred in failing to properly address that issue. [DS 1-8] In our notice of proposed summary disposition, we noted that Plaintiff had failed to provide this Court with information regarding what occurred at the hearing on the issue. We further informed Plaintiff that, without such information, we

could not consider the merits of his argument that the metropolitan court erred in its consideration of the power of attorney issue.

**{7}** In his memorandum in opposition, Plaintiff contends that the power of attorney held by Marvelyn Fresques-Thomas was invalid because: (1) there are two people named Marvelyn Thomas who are sharing one identity, and both the real Marvelyn Thomas and the duplicate used undue influence to secure the power of attorney, and (2) neither the notary public nor the witness was actually present when the power of attorney was signed by Mrs. Fresques. [unnumbered MIO 3-7] However, this recitation is insufficient to apprise this Court of the factual and procedural information necessary to consider whether the metropolitan court erred in accepting the Marvelyn Fresques-Thomas power of attorney because it does not inform us what evidence and arguments were actually presented to the court at the hearing. *See Loverin v. Debusk*, 1992-NMCA-023, ¶ 3, 114 N.M. 1, 833 P.2d 1182 (stating that in this Court's calendaring system it is important to have all the facts, including those that support what the trial court did).

**{8}** Plaintiff also argues that the metropolitan court erred by not requiring the presence of Mrs. Thomas, the notary, and the witness to testify that the notary and the witness were not present when the power of attorney was signed. [unnumbered MIO 2] To the extent Plaintiff asserts that the metropolitan court was required to conduct an independent inquiry into the circumstances surrounding the execution of the power of attorney, we disagree, as Plaintiff has cited to no authority in support of this position. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority); *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

**{9}** Accordingly, we presume the correctness and the regularity of the proceedings below. *See In re Ernesto M., Jr.*, 1996-NMCA-039, & 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment."); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, & 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

**CONCLUSION**

**{10}** For these reasons, we affirm.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**