ORFINGER, Judge.
Appellant’s contention that the verdict of the jury finding him guilty of grand theft was contrary to the weight of the evidence is without merit and the judgment of conviction is affirmed.
He complains also of error in the imposition of certain conditions of probation in his split sentence. One condition required that he make restitution to the victim of $20,799.00, and appellant correctly contends that this condition could not be imposed without first giving him an opportunity to be heard. Although restitution may properly be made a condition of probation,[1] a defendant is entitled to notice and a hearing as part of the process by which the amount of restitution is determined by the court. Fresneda v. State, 347 So.2d 1021 (Fla.1977). The record reflects defendant requested an opportunity to be heard on the amount of damage to the victim, contending that the amount mentioned was inflated, but this request was denied.[2] Cf. Barlow v. State, 388 So.2d 349 (Fla. 5th DCA 1980) (where no objection was raised in the trial court).
Appellant also correctly contends that the condition of probation which authorizes any probation officer and any law enforcement officer to conduct a search of appellant, his premises and vehicles at any time, is invalid with respect to search by any law enforcement officer, although it is correct insofar as it authorizes searches by appellant’s probation supervisor. Grubbs v. State, 373 So.2d 905 (Fla.1979); Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980).
The judgment of conviction is affirmed. Condition (14) of the probation order is modified to apply only to appellant’s probation supervisors and as modified is affirmed. Condition (10) of the probation order is set aside and the cause is remanded to the trial court with directions to afford appellant notice and an opportunity to be heard on the amount of restitution to be imposed. In so requiring a hearing, we express no view on the correctness of the amount required to be paid, but hold only that appellant is entitled to be heard before the court determines the amount.
AFFIRMED in part, REVERSED in part, and REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. § 948.03(l)(g), Fla.Stat. (1977).

. The trial court contended that any question as to the amount of damage could be resolved in a civil suit.