675 P.2d 429

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Lester Raymond GALLAGHER,
Defendant-Appellant.**

**No. 7379.**

Court of Appeals of New Mexico.

Jan. 3, 1984.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

■ Defendant's probation was revoked and the suspended sentence was imposed. He appeals, raising two issues: (1) Whether his signed consent to searches by his probation officer constituted free and voluntary consent, and (2) whether the search conducted was reasonable. Because the latter issue was not raised in the trial court, it is waived. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983).

■ The State argues that defendant should have appealed the search condition of probation at the time it was imposed rather than at the time of revocation and, even if the search was unlawful, the exclusionary rule does not apply to probation revocation proceedings. The State's first contention is without merit. Defendant may appeal the condition of probation when probation is revoked. *State v. Castillo*, 94 N.M. 352, 610 P.2d 756 (Ct.App.1980). The second argument concerning the exclusionary rule was not raised or argued below; thus, we need not discuss that issue at this time.

FACTS

In November, 1981, defendant pled guilty to two counts of distribution of marijuana to a minor. He was sentenced to three years' imprisonment, two of which were suspended on condition of probation. Defendant signed an Order of Probation which provided, in pertinent part, that:

> H. You shall permit your probation officer to visit at your home and place of employment at any time and permit a search of your person, automobile, and residence to ensure compliance of your probation conditions.

At the request of defendant's girlfriend, the probation officer ordered defendant not to visit her residence. Subsequently, he was informed that defendant had disobeyed the order. Believing that defendant had violated Paragraph "A" of the probation order, which provided that the defendant obey all orders of his probation officer, the probation officer arrested defendant at his home. Following the arrest, the probation officer searched defendant's bedroom and discovered marijuana seeds and other residue.

At the probation revocation hearing defendant argued that the marijuana evidence was inadmissible because the consent

provided in Paragraph "H" of the probation order did not constitute voluntary consent and, as a consequence, the evidence was the fruit of an illegal, warrantless search. The trial court ruled that Paragraph "H" established defendant's voluntary consent to the search. Defendant's probation was revoked and the sentence which had been suspended was imposed.

Defendant argues that a warrantless search can only be justified by exceptional circumstances, urging that "voluntary consent" is the only appealable exceptional circumstance in this case, but that a finding of voluntary consent was not justified. It is his position that a choice between signing a probation agreement and going to prison is no choice; therefore, his signature on the probation order could not constitute a voluntary waiver of his Fourth Amendment rights.

The real issue here is whether probationers are accorded the full protection of the Fourth Amendment and, specifically, whether the imposition of Paragraph "H" as a condition of probation is a violation of those Fourth Amendment rights.

■ In *State v. Gardner*, 95 N.M. 171, 619 P.2d 847 (Ct.App.1980), we considered a somewhat similar factual situation. There we observed that "a probationer's rights concerning searches are more limited than the rights of a person not on probation." 95 N.M. at 174, 619 P.2d at 850. The limitations on those rights, however, must be reasonably related to the probationer's rehabilitation. *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir.1975). Defendant claims, nevertheless, that his rights cannot, constitutionally, be limited by such a probation condition.

■ Probationers are not *automatically* granted full constitutional protection. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Many other courts have addressed the question whether probationary search conditions similar to the one imposed in this case are constitutionally valid, *see State v. Perbix*, 331 N.W.2d 14 (N.D.1983), and cases cited therein, and

most have upheld the imposition of search conditions. *See, e.g., People v. Richards*, 76 Mich.App. 695, 256 N.W.2d 793 (1977); *State v. Montgomery*, 115 Ariz. 583, 566 P.2d 1329 (1977); *People v. Mason*, 5 Cal.3d 759, 97 Cal.Rptr. 302, 488 P.2d 630 (1971), *cert. denied*, 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972). Other courts have limited the search conditions to searches made under the direction of the probation officer. *See United States v. Consuelo-Gonzalez; Maples v. State*, 397 So.2d 1146 (Fla.App.1981); *State v. Fisher*, 32 Or.App. 465, 574 P.2d 354 (1978).

■ We agree with the rationale stated in *Perbix*:

We believe an individual convicted of a criminal offense who is placed on probation should be subject to certain reasonable restrictions on his living in an open society. By the fact of his or her conviction, the probationer has already demonstrated a need for supervised control. 331 N.W.2d at 20. We have stated that "[probation] is not meant to be painless. It has an inherent sting and the restrictions on the probationer's freedom are realistically punitive." *State v. Baca*, 90 N.M. 280, 282, 562 P.2d 841, 843 (Ct.App.1977).

■ We do not reach the question in this case whether probationary search conditions may be extended to allow searches by *any* law enforcement officials. We hold only that the search condition imposed on the defendant in this case, Paragraph "H" of the probation order, was reasonably related to defendant's rehabilitation (*State v. Gardner*), and, as a result, it was a valid limitation on defendant's Fourth Amendment rights. *See State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App. 1983).

The judgment below is affirmed. IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.