**Certiorari Denied, No. 31,701, September 2, 2009**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:     2009-NMCA-111**

**Filing Date:   June 4, 2009**

**Docket No. 27,107**

**STATE OF NEW MEXICO,**

        **Plaintiff-Appellee,**

**v.**

**DANA BRUSUELAS,**

        **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

Jennifer R. Albright
Albuquerque, NM

for Appellant

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     Dana Brusuelas (Defendant) appeals her conviction for possession of methamphetamine in violation of NMSA 1978, Section 30-31-23(D) (1990) (amended 2005). She raises two issues arising from the district court's denial of her motion to suppress evidence:  (1) whether law enforcement officers may conduct warrantless searches of a probationer outside the direction of a probation officer or without the probationer's consent, and (2) whether the law enforcement agents had reasonable suspicion that Defendant was

committing or had committed a crime and that her vehicle or purse contained evidence of the crime sufficient to support a warrantless search. We affirm Defendant's conviction.

## BACKGROUND AND FACTS

{2}     On January 6, 2005, law enforcement agents executed a search warrant at a home in Alamogordo, New Mexico, based on a tip that methamphetamine was for sale there. The warrant covered the home, curtilage, and vehicles at the home. Defendant, who was on probation as a result of an earlier conviction, happened to be present at the home as a visitor. One of the conditions of her probation (Paragraph 9) was that she would "submit to warrantless searches of [her] person, residence and vehicle at the discretion or direction of [her] probation officer or any law enforcement officer."

{3}     Before searching the only vehicle at the scene, the agents determined that it belonged to Defendant. At some point, they also learned that she was on probation and unsuccessfully tried to reach her probation officer. Upon searching the vehicle, the agents found drug paraphernalia, which Defendant admitted was hers. Shortly after searching the vehicle, the agents searched Defendant's purse inside the home and discovered the methamphetamine on which her conviction was based. The district court denied Defendant's motion to suppress the evidence discovered in the searches.

{4}     The district court made several relevant findings of fact and conclusions of law in connection with its denial of the motion to suppress. The court concluded that there was no probable cause to search Defendant's purse, the search of the purse was not a search incident to arrest, the searches of Defendant's purse and vehicle were not within the scope of the warrant being executed, Defendant was on the premises as a visitor, and the search of Defendant's purse went beyond what was arguably necessary to check for weapons. The court concluded, however, that "[P]aragraph 9 in the Judgment and Sentence was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement agents are conducting a search for illegal drugs." Accordingly, the district court concluded that the searches of Defendant's vehicle and purse were reasonable and denied her motion to suppress.

## PROBATION SEARCH BY LAW ENFORCEMENT OFFICER

### Standard of Review

{5}     "The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). "We review factual determinations by the trial court under a substantial evidence standard" and legal questions de novo. *State v. Duran*, 2005-NMSC-034, ¶ 19, 138 N.M. 414, 120 P.3d 836. "[A]ll reasonable inferences in support of the [district] court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded." *Jason L.*, 2000-NMSC-018, ¶ 10 (alterations in original) (internal quotation marks and citation omitted). Conflicts in the evidence, even within the testimony of a witness, are to be resolved by the fact finder at trial. *Id.*

2

**{6}** "We review whether a court's imposition of a condition of probation is lawful under an abuse of discretion standard." *State v. Baca*, 2004-NMCA-049, ¶ 13, 135 N.M. 490, 90 P.3d 509. "The court has broad discretion to effect rehabilitation and may impose conditions [of probation] designed to protect the public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct." *State v. Garcia*, 2005-NMCA-065, ¶ 11, 137 N.M. 583, 113 P.3d 406 (internal quotation marks and citation omitted).

**Discussion**

**{7}** As an initial matter, the State argues that Defendant did not preserve the issue of whether Paragraph 9 was constitutionally permissible because she did not invoke a ruling on the question in district court as required by Rule 12-216(A) NMRA. We conclude that the issue was adequately preserved. First, Defendant's motion to suppress evidence makes several assertions that implicitly argue that the "any law enforcement officer" provision in Paragraph 9 would be enforceable only if it were interpreted as requiring that certain circumstances be present, such as exigent circumstances, probable cause, or a need for an inventory search, and that, in the absence of such circumstances, the provision was not enforceable. Second, as argued in Defendant's reply brief, if Paragraph 9 includes an unconstitutional requirement, it amounted to an illegal sentence. A challenge to an illegal sentence raises a jurisdictional question. *See, e.g.*, *State v. Shay*, 2004-NMCA-077, ¶ 6, 136 N.M. 8, 94 P.3d 8. This Court may consider jurisdictional questions even if no ruling on the issue was fairly invoked in district court. Rule 12-216(B). Accordingly, we proceed to the merits of Defendant's argument.

**{8}** In her motion to suppress evidence, Defendant contended that her rights were violated under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. Defendant does not argue that the New Mexico Constitution should be interpreted differently from the United States Constitution in the context of this appeal. "Thus, we assume without deciding that both constitutions afford equal protection to individuals against unreasonable seizures in this context, and we analyze the constitutionality of the seizure under one uniform standard." *State v. Ochoa*, 2004-NMSC-023, ¶ 6, 135 N.M. 781, 93 P.3d 1286.

**{9}** "The federal and New Mexico Constitutions are not a guarantee against all searches and seizures, only unreasonable ones." *State v. Rowell*, 2008-NMSC-041, ¶ 29, 144 N.M. 371, 188 P.3d 95. "Warrantless probation searches and seizures must comply with the reasonableness components of the Fourth Amendment and of Article II, Section 10, of the New Mexico Constitution." *State v. Ponce*, 2004-NMCA-137, ¶ 16, 136 N.M. 614, 103 P.3d 54. "'[T]he reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *Baca*, 2004-NMCA-049, ¶ 26 (quoting *United States v. Knights*, 534 U.S. 112, 118-19 (2001)). "A search and seizure conducted without a warrant is unreasonable unless it is shown to fall within one of the exceptions to the warrant requirement." *State v. Diaz*, 1996-NMCA-104,

¶ 8, 122 N.M. 384, 925 P.2d 4. "A valid consensual search has been acknowledged as an exception to the warrant requirement." *Id.* ¶ 9.

**{10}** A condition of probation must be "reasonably related to [the probationer's] rehabilitation." NMSA 1978, § 31-20-6(F) (2007). "To be reasonably related, the probation condition must be relevant to the offense for which probation was granted." *State v. Gardner*, 95 N.M. 171, 174, 619 P.2d 847, 850 (Ct. App. 1980).

**{11}** We have not previously considered whether a condition of probation allowing warrantless searches by law enforcement agents without the participation of probation officers is inherently unreasonable and thus impermissible. In *State v. Gallagher*, 100 N.M. 697, 699, 675 P.2d 429, 431 (Ct. App. 1984), we specifically declined to reach the question. In *Gallagher*, which concerned consent to searches by a probation officer, we stated, "[w]e do not reach the question in this case whether probationary search conditions may be extended to allow searches by *any* law enforcement officials." *Id.* In the present case, although we again decline to establish a general rule, we conclude that the searches of Defendant's vehicle and purse were reasonable under existing law.

**{12}** Citing *Gardner*, Defendant argues that warrantless searches of probationers must be conducted by or under the direction of probation officers, unless the probationer consents to the search. In Defendant's case, the search was conducted by agents of the Otero County Narcotics Enforcement Unit and the Alamogordo Department of Public Safety. We do not interpret *Gardner* as narrowly as Defendant. In *Gardner*, a condition of the defendant's probation was that he "shall submit to a search of his car, person or residence at anytime upon request of his probation officer." 95 N.M. at 172, 619 P.2d at 848. Thus, language in *Gardner* suggesting that the search by a law enforcement officer was proper "because it was requested by the probation officer" relates to the fact that the defendant there, unlike Defendant here, had not agreed to be searched by any law enforcement officer. *Id.* at 175, 619 P.2d at 851.

**{13}** In *State v. Marquart*, 1997-NMCA-090, 123 N.M. 809, 945 P.2d 1027, where the central issue was whether the exclusionary rule applied in probation revocation hearings, the defendant was searched by a law enforcement officer in the course of a traffic stop. The defendant was on probation but had not agreed to warrantless searches. Holding that the exclusionary rule applied, we observed that our holding "does not prevent a court from imposing as a condition of probation that the probationer give his or her consent to reasonable warrantless searches by a *probation officer* to ensure compliance with the conditions of probation." *Id.* ¶ 19. In limiting this observation to probation officers, we again indicated our disinclination to rule on whether consent to warrantless searches by any law enforcement officer was a permissible condition of probation, while at the same time indicating our continued approval of conditions such as the one in *Gardner*, which limited warrantless searches to ones involving probation officers.

**{14}** In *Knights*, the United States Supreme Court upheld a warrantless search of a probationer's home in circumstances similar to those before us. The defendant, on probation for a drug offense, had agreed to submit to searches by any probation or law enforcement

4

officer as a condition of his probation. 534 U.S. at 114. A detective investigating an arson observed suspicious items in a truck belonging to an individual who had just left the defendant's home. *Id.* at 115. Based on these observations, the detective, aware of the condition of probation in the defendant's probation order, returned to the defendant's home and conducted a warrantless search, which revealed incriminating evidence. *Id.* In holding that the search was reasonable, the Supreme Court balanced the degree of intrusion on the defendant's privacy against the protection of legitimate government interests. Regarding the intrusion on the defendant's privacy, the Court stated, "[i]nherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." *Id.* at 119 (internal quotation marks and citation omitted). The Court also found that two government interests were served, stating, "[i]t was reasonable to conclude that the search condition [of probation] would further the two primary goals of probation—rehabilitation and protecting society from future criminal violations." *Id.* Balancing these considerations, the Court found that the lesser standard of reasonable suspicion, not probable cause, "satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable." *Id.* at 121. We have cited the *Knights* approach with approval. "In New Mexico, as well, whether a search is unreasonable is determined by balancing the degree of intrusion into a probationer's privacy against the interest of the government in promoting rehabilitation and protecting society." *Baca*, 2004-NMCA-049, ¶ 32.

**{15}** Applying the above principles to the circumstances of Defendant's case, we conclude that Paragraph 9 was consistent with our prior cases and constitutionally permissible. First, as discussed below, the presence of Defendant at a home being searched for evidence of drug sales met the standard of reasonable suspicion. *Knights*, 534 U.S. at 121; *Baca*, 2004-NMCA-049, ¶ 41. Second, Defendant agreed to the condition of probation in Paragraph 9 that required her to submit to warrantless searches by any law enforcement officer. *See Gallagher*, 100 N.M. at 699, 675 P.2d at 431 (rejecting the defendant's argument that a choice between a consent-to-search provision and going to prison was not really a choice and thus consent was not voluntary). Third, Paragraph 9 appears to be reasonably related to Defendant's rehabilitation. The record indicates that the offense for which Defendant was on probation was child abuse (negligently caused, no great bodily harm). The warrantless search condition appears to indirectly further the goal of preventing another incident of child abuse. We observe that the judgment and sentence in which Paragraph 9 appears contains indications that alcohol was involved, as another condition of probation required Defendant to complete a two-year inpatient program and to avoid alcohol. Requiring Defendant to submit to searches would tend to advance her rehabilitation by ensuring that she did not possess alcohol. In addition, though the probationary strictures emphasize alcohol use, they are not limited to alcohol. The requirement under Paragraph 5 that Defendant "submit to substance abuse screening and any recommendations from that screening" are broader and could cover methamphetamine or other drug use. Fourth, because the agents were aware that Defendant was on probation at the time of the searches, in the circumstances—the agents were executing a search warrant at an alleged drug home—the search was reasonably related to "[t]he general purposes of probation, under federal or New Mexico law, [of] rehabilitation and deterrence for community safety." *Baca*, 2004-NMCA-049, ¶ 36. Fifth, there is no indication that the agents knew beforehand that Defendant would be present at the home, and

thus the search cannot be considered "a subterfuge for criminal investigation[]." *Gardner*, 95 N.M. at 175 (internal quotation marks and citation omitted). The presence of these factors distinguishes the circumstances of this search from those where reasonableness is questionable or absent, such as one where a police officer stops a probationer on the street with no indication that anything criminal is afoot. We conclude that Paragraph 9 was properly applied.

**{16}** We acknowledge the point made by the dissent with regard to the potential difficulty raised by the likelihood that the agents here were not aware of the probation condition allowing them to conduct a warrantless search of Defendant. Had it been made below it might well be dispositive. The difficulty is that the argument was not made to the district court. We see no way to address the argument substantively in this case.

**REASONABLE SUSPICION**

**Standard of Review**

**{17}** We have held that "warrantless probation searches can and must be supported by reasonable suspicion as defined in New Mexico law to be an awareness of specific articulable facts, judged objectively, that would lead a reasonable person to believe criminal activity occurred or was occurring." *Baca*, 2004-NMCA-049, ¶ 43. "Determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

**Discussion**

**{18}** The district court concluded without elaboration that the searches of Defendant's vehicle and purse were not done pursuant to the search warrant the agents were executing. Rather, the district court relied on the plain language of Paragraph 9 and Defendant's agreement to it, and observed that the officer was aware of Defendant's probation status. The district court's decision letter states:

> The Court finds that these searches were reasonable under the circumstances. The Court concludes that paragraph 9 in the Judgment and Sentence was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement officers are conducting a search for illegal drugs. This provision is consistent with the goals and objectives of probation . . . .

**{19}** The context of the searches of Defendant's vehicle and purse includes the fact that a warrant was being executed pursuant to information that drugs were being sold at the home. In *State v. Williamson*, 2000-NMCA-068, 129 N.M. 387, 9 P.3d 70, the defendant's vehicle was stopped for a traffic violation. Smelling alcohol, the officer administered the HGN test and was considering whether to conduct additional tests. *Id.* ¶ 2. At that point, a second officer told the first officer that he had found drugs on the defendant's passenger. *Id.* ¶ 4. The first officer asked the defendant whether he also had drugs on him. The

6

defendant consented to a search, during which the officer found drugs. *Id.* The defendant argued that there was no reasonable suspicion to support the expansion of the traffic stop into a drug investigation. *Id.* ¶ 5. We concluded that "[t]he presence of drugs in the car, even though in the passenger's possession, was sufficient to reasonably arouse [the officer's] suspicion that [the d]efendant also had drugs[,]" given the defendant's indications of possible impairment. *Id.* ¶ 10.

{20}    We consider the circumstances of the present case analogous to *Williamson*. As discussed above, the agents needed only reasonable suspicion that Defendant was involved in criminal activity, not probable cause to search. As in *Williamson*, there was an additional factor supporting reasonable suspicion beyond mere presence. The additional factor in *Williamson* was the defendant's own possible impairment. Here, the additional factor was the agents' knowledge that Defendant was on probation. The alleged presence of drugs in the home being searched—an allegation presumably supported by probable cause, because a court had issued the search warrant—made it reasonable for the agents to suspect that Defendant, on probation, was somehow involved in the drug activity. "[I]t must be remembered that the very assumption of the institution of probation is that the probationer is more likely than the ordinary citizen to violate the law." *Knights*, 534 U.S. at 120 (internal quotation marks and citation omitted). Accordingly, we conclude that the searches of Defendant's vehicle and purse were based on reasonable suspicion, and thus were constitutionally permissible.

{21}    Finally, Defendant argues that her purse was not on her "person" at the time it was searched, and thus was not covered by Paragraph 9's requirement that she consent to searches of her "person." The district court's decision letter made no findings regarding the location of the purse at the time it was searched. Defendant's motion to suppress does not raise this issue, although it was addressed at the hearing. Our own review of the suppression hearing transcript indicates that there was conflicting evidence on this question. Defendant herself testified that at the time the purse was searched, she was standing on a step next to the bar where her purse was, and that the purse was between one and two feet away from her. Defendant testified that she was not handcuffed, while Agent House, who searched the purse, testified that she was. Agent House testified that Defendant had told him the purse was hers. There was also some inconclusive testimony by Agent House, Agent Guthrie, and Defendant regarding whether, before the purse was searched, she would have been allowed to leave with a citation for the paraphernalia without a custodial arrest. We find no testimony definitively establishing whether the purse was ever in Defendant's physical possession during the relevant times.

{22}    At the hearing, Defendant's counsel argued both that the purse was not on her person, and that a person has a heightened expectation of privacy in items such as purses or wallets. The State's brief analogizes purses to pockets in clothing used to carry personal effects, which presumably could be searched in a search of the "person." Defendant having cited no authority to the contrary, and having acknowledged that the purse was within one to two feet of her at one point, we conclude that the purse was sufficiently part of her person so as to come within a search pursuant to Paragraph 9.

7

**{23}** The dissent does not take direct issue with our analysis. Rather it argues that there could be no reasonable suspicion of anything absent the material found in the vehicle and the search of the vehicle was improper because it was not proper under the warrant. The dissent fails to recognize that all of the factors supporting reasonable suspicion in this case apply with equal vigor to the vehicle search. That search cannot be isolated from the rest of the case.

**CONCLUSION**

**{24}** For the reasons set forth above, we conclude that in the circumstances of her case, the condition of Defendant's probation that she consent to searches by "any law enforcement officer" was applied consistent with federal and state constitutional principles in the searches of her vehicle and purse. We affirm Defendant's conviction.

**{25}    IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**I CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

**MICHAEL E. VIGIL, Judge, dissenting**

**Vigil, Judge (dissenting).**

**{26}** I ultimately agree that a warrantless search of a probationer by a police officer which is undertaken pursuant to a condition of probation which authorizes that search is reasonable under the Fourth Amendment, and therefore constitutional, provided that the police officer has reasonable suspicion for the search. However, I dissent for two reasons. First, I cannot conclude that these searches were undertaken pursuant to, and under the authority of, Defendant's condition of probation. This is because the police officers did not know that Defendant's probation conditions allowed for warrantless searches by police officers in addition to probation officers. Secondly, I disagree with the majority's conclusion that the searches in this case were supported by reasonable suspicion.

**FACTS**

**{27}** Defendant was visiting a house in Alamogordo, New Mexico, when officers arrived in the afternoon to execute a search warrant at the house. The officers knew that the only vehicle parked at the house belonged to Defendant, and that she was not an object of the search warrant; nevertheless, they searched her vehicle without her consent. They asserted authority to do so because the warrant included the residence, curtilage, and vehicles on the curtilage. The officers found drug paraphernalia inside Defendant's vehicle. After being

8

advised of the discovery and her constitutional rights, Defendant admitted she owned the drug paraphernalia and that she had smoked methamphetamine earlier in the day. Agent House then proceeded to search Defendant's purse without her consent and cocaine was found inside the purse. While executing the search warrant, the officers became aware at some point that Defendant was on probation. The cocaine found in Defendant's purse was the basis for the fourth degree felony charge in Count I, possession of cocaine, a controlled substance; and the drug paraphernalia was the basis for the misdemeanor charge in Count II, possession of drug paraphernalia.

{28}     Defendant's motion to suppress the evidence discovered in the searches of her vehicle and purse was denied. Pertinent to this appeal, the district court made findings of fact and conclusions of law that:

(1)     Neither the search of the purse nor the search of the vehicle was within the scope of the warrant. Defendant was at the premises as a visitor;
(2)     There was no probable cause to search the purse;
(3)     The search of the purse was not a search incident to arrest;
(4)     The scope of the search of the purse went beyond that which would arguably be necessary to check it for weapons;
(5)     Defendant was on probation at the time of the searches, and the officers were aware she was on probation;
(6)     One condition of Defendant's probation was, "Defendant will submit to warrantless searches of his/her person, residence and vehicle at the discretion and direction of his/her probation officer or any law enforcement officer";
(7)     There was no attack on the appropriateness of the condition of probation as written and ordered, under which the authority to conduct warrantless searches is extended beyond probation officers to include law enforcement officers;
(8)     The officer did have a reasonable, articulable suspicion that the purse may contain evidence of a violation of law, and thus a violation of probation, although that suspicion did not rise to the level of probable cause;
(9)     The condition of probation allowing warrantless searches "was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement officers are conducting a search for illegal drugs." Defendant thereupon entered into a conditional plea with the State, reserving her right to appeal the denial of her motion to suppress.

**DISCUSSION**

{29}     Defendant did not preserve for our review whether the condition of her probation allowing a warrantless search by a police officer in addition to a probation officer is reasonably related to her rehabilitation. As the majority notes, in order to be valid, a condition of probation must be "reasonably related to the defendant's rehabilitation," Section 31-20-6(F), and "[t]o be reasonably related, the probation condition must be relevant to the offense for which probation was granted." *Gardner*, 95 N.M. at 174, 619 P.2d at 850, discussed in the Majority Opinion at ¶ 10. However, Defendant did not present any evidence or argument to the district court that the warrantless search condition of her probation was

9

not "reasonably related" to the offense of child abuse (no great bodily harm), the offense for which she was granted probation. Therefore, any argument concerning the lack of a reasonable relationship fails due to a lack of proof. *See Baca*, 2004-NMCA-049, ¶ 19 (stating that the trial court properly concluded a warrantless search condition of probation was valid where the defendant presented no evidence establishing the lack of a reasonable relationship between the probation condition and the underlying offense); *Ponce*, 2004-NMCA-137, ¶ 7 (stating that a defendant moving to suppress evidence has the burden to come forward with evidence to raise an issue as to an illegal search and seizure, and once she has done so, the burden shifts to the state to justify the warrantless search or seizure). I therefore assume that the warrantless search condition of Defendant's probation is reasonably related to Defendant's rehabilitation.

**{30}** However, Defendant argues on appeal that the condition of her probation which requires her to submit to warrantless searches of her person, residence, and vehicle at the discretion or direction of her probation officer or any law enforcement officer is unconstitutional. I agree with the majority that we must address Defendant's constitutional argument, even if she did not preserve that issue in the district court. We must address this contention because if the condition is unconstitutional, it results in an illegal sentence. *See Shay*, 2004-NMCA-077, ¶ 6 (noting that we have allowed both the state and defendants to challenge illegal sentences for the first time on appeal based on the rationale that the district court does not have jurisdiction to impose an illegal sentence and the appellate rules allow jurisdictional issues to be raised for the first time on appeal).

**{31}** Defendant first argues that a probation condition, which allows for warrantless searches, is unconstitutional unless the warrantless searches are "probation searches" that are "conducted as part of the probationary process" for a probation violation. However, this argument has already been rejected by the United States Supreme Court. *See Knights*, 534 U.S. at 116 (rejecting the argument that a warrantless probation search condition must be conducted for "probationary" purposes and not for "investigatory" purposes or it is unconstitutional under the Fourth Amendment). Defendant does not argue that the New Mexico Constitution affords greater protection than the United States Constitution in this context, and we therefore assume that the protection afforded by both constitutions is identical. *Ochoa*, 2004-NMSC-023, ¶ 6.

**{32}** Defendant next asserts that an unconstitutional search occurs where a police officer performs a warrantless probation search and it is not "at the direction of a probation officer." This argument was also rejected in *Knights* in which a police officer performed a warrantless search of the defendant's apartment without the involvement of any probation officer, but the police officer was aware of the defendant's probation condition allowing for a warrantless search "by any probation officer or law enforcement officer." 534 U.S. at 114-15, 117.

## A.    Knowledge of the Probation Condition

**{33}** In this case, the police officers became aware at some point that Defendant was on probation. However, there is no evidence that the police officers were aware that a term of

10

her condition was that she would "submit to warrantless searches of [her] person, residence and vehicle at the discretion or direction of [her] probation officer or any law enforcement officer." This is unlike *Knights*, in which the police officer who conducted the search of the defendant's apartment knew of the search condition providing for a warrantless search "by any probation officer or law enforcement officer." *Id.* at 114-15. Defendant argues that the search is unconstitutional and cannot be validated under the condition of probation unless the police officer knows of the probation condition at the time of the search. This presents an issue of first impression under New Mexico law.

**{34}** The constitutionality of a probation search conducted by a police officer who does not know of a probation condition allowing a search has been fully developed in California. In *In re Martinez*, 463 P.2d 734 (Cal. 1970) (in bank), the California Supreme Court held that the warrantless search of a home could not be justified as a parole search, and was therefore unconstitutional, where the police did not know of the defendant's parole status when they conducted the search. *Id.* at 737-38. *People v. Robles*, 3 P.3d 311 (Cal. 2000) followed, in which the California Supreme Court held that the search of a home was unconstitutional even though the defendant's brother who lived in the home was on probation and was subject to a search condition, because the police were unaware of the condition at the time of the search. *Id.* at 314. *People v. Sanders*, 73 P.3d 496 (Cal. 2003) followed, in which the police searched the home of two persons, one of whom was on parole and subject to a search condition. However, the police were unaware of the search condition at the time of the search. The California Supreme Court held that the search was unconstitutional. *Id.* at 498. The reasoning of these decisions was subsequently extended to searches of individuals on probation by police officers where the police officer did not know of the probation condition at the time of the search. *See People v. Bowers*, 13 Cal. Rptr. 3d 15, 17 (Ct. App. 2004); *People v. Hoeninghaus*, 16 Cal. Rptr. 3d 258 (Ct. App. 2004). This reasoning was then extended to searches of juveniles by police officers in *In re Jaime P.*, 146 P.3d 965, 966 (Cal. 2006), *overruling In re Tyrell J.*, 876 P.2d 519 (Cal. 1994).

**{35}** The reasoning of the California courts is succinctly stated in *Sanders*. Unlawful police conduct is legitimized if evidence obtained during a search which would otherwise violate the Fourth Amendment is admitted into evidence merely because it was later discovered that the suspect was subject to a probation or parole search condition. *Sanders*, 73 P.3d at 507-08. Furthermore, such a search cannot be justified as a probation or parole search because the officer is not acting pursuant to the conditions of probation or parole. *Id.* at 506. The California Supreme Court further pointed out that almost without exception in evaluating alleged violations of the Fourth Amendment, the United States Supreme Court has undertaken an objective assessment of the circumstances known to the officer *at the time* the search was conducted. *Id.* at 507.

**{36}** We have held that warrantless probation searches and seizures must comply with the reasonableness components of the Fourth Amendment and Article II, Section 10 of the New Mexico Constitution. *Ponce*, 2004-NMCA-137, ¶ 16. In assessing reasonableness under the Fourth Amendment, our essential inquiry, involves two questions: "whether the officer's action was justified *at its inception*, and whether it was reasonably related in scope to the

circumstances which justified the interference in the first place." *State v. Neal*, 2007-NMSC-043, ¶ 18, 142 N.M. 176, 164 P.3d 57 (internal quotation marks and citations omitted) (emphasis added); *State v. Robbs*, 2006-NMCA-061, ¶ 12, 139 N.M. 569, 136 P.3d 570 (same). Whether reasonable suspicion to detain a person to investigate possible criminal activity is consistent with the Fourth Amendment is measured by whether the facts give rise to a reasonable suspicion *at the inception* of the detention. *State v. Ochoa*, 2008-NMSC-023, ¶¶ 17, 19, 143 N.M. 749, 182 P.3d 130; *City of Roswell v. Hudson*, 2007-NMCA-034, ¶ 15, 141 N.M. 261, 154 P.3d 76. Searches of high school students do not require probable cause, but school officials must have reasonable grounds for suspecting that a search will turn up evidence that the student has violated, or is violating, the law or the rules of the school. Such reasonable grounds must exist *at the inception* of the search. *State v. Pablo R.*, 2006-NMCA-072, ¶ 11, 139 N.M. 744, 137 P.3d 1198.

**{37}**    The majority contends that this issue was not preserved for our review. Majority Opinion ¶ 16. I disagree. Defendant's written motion to suppress alleged in part that the search of her vehicle and purse were without her consent and beyond the scope of the search warrant the officers were executing for the premises she was visiting. Defendant therefore asserted that these searches violated her Fourth Amendment rights. This was sufficient to place burden on the State to justify these warrantless searches. *Ponce*, 2004-NMCA-137, ¶ 7 ("In the face of a defendant's challenge to the constitutionality of a warrantless arrest or search, the State is required to present testimony or other evidence showing that the arrest or search met constitutional muster."). At the hearing on the motion, the State asserted it would rely, in part, upon Paragraph 9 of Defendant's condition of probation as justification for the searches, and the judgment and sentence setting forth Defendant's conditions of probation was admitted into evidence specifically for this purpose. The State elicited from Defendant her knowledge of the Paragraph 9 condition of her probation, but it failed to introduce any evidence that the police officers who searched her vehicle and purse had any knowledge of this condition of her probation before the searches. As the authorities discussed above make clear, the State cannot rely on information discovered after a search to justify the search. While the specific context of a warrantless probation search by police officers has not heretofore been addressed, the general principle that the facts known to the officer to justify the search must be known at the inception of the search is well settled. Thus, the State was on notice that it was required to present all the facts known to the officers before they searched Defendant's vehicle and purse which it contended justified these warrantless searches.

**{38}**    I am unaware of any cases in New Mexico (or elsewhere) in which the constitutional validity of a search was justified by information discovered after the search was completed. Under these circumstances, the logic and reasoning of the California authorities cited above is compelling. Although the police officers in this case knew that Defendant was on probation, there is no evidence that they knew Defendant's probation was subject to a warrantless search by police officers. We cannot assume that they had such knowledge. I therefore conclude that the search of Defendant's automobile and her purse was unconstitutional for this reason alone.

12

## B.    No Reasonable Suspicion

**{39}**    Defendant also argues that the officers did not possess reasonable suspicion to search either her car or her purse.  I agree with Defendant on this question as well.

**{40}**    *Knights* acknowledges the needs of the state to monitor the conduct of individuals on probation consistent with the Fourth Amendment and holds, "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable."  534 U.S. at 121.  Thus, the officers were required to possess reasonable suspicion that Defendant was engaged in criminal activity when they searched her vehicle and her purse.  Our own Supreme Court has recently repeated:

> A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law.  The test is an objective one.  The subjective belief of the officer does not in itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer's view of the governing law.  We objectively examine whether the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate.  We will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring.

*State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citations omitted).  Again, the facts establishing reasonable suspicion must exist *at the inception of the searches*.  *Id.* ¶ 7.

**{41}**    The officers searched Defendant's vehicle without her consent simply because it was parked at the house where they were executing the search warrant.  The district court concluded that the search of the vehicle was not within the scope of the warrant and I agree.  Furthermore, there is absolutely no evidence linking Defendant's vehicle to any suspected criminal activity at the home where the search warrant was being executed.  Any assertion of reasonable suspicion related to the vehicle fails.

**{42}**    With regard to the purse, the district court made a finding that the officer had a reasonable articulable suspicion that the purse may contain a violation of the law.  This finding was apparently based upon what was discovered in the search of the vehicle, coupled with Defendant's admission that she owned the drug paraphernalia and that she had smoked methamphetamine earlier in the day.  However, since the initial search of Defendant's vehicle was unconstitutional, all evidence obtained as a result of that search cannot form the basis for reasonable suspicion.  *See State v. Harris*, 116 N.M. 234, 238, 861 P.2d 275, 279

13

(Ct. App. 1993) (applying fruit of the poison tree doctrine to out-of-court identification following illegal stop); *State v. Rivas*, 2007-NMCA-020, ¶ 16, 141 N.M. 87, 150 P.3d 1037 (filed 2006) (noting that consent to search which is tainted by a Fourth Amendment violation is invalid).

**{43}** The only facts which remain to justify searching Defendant's purse are: (1) Defendant was visiting a home where the officers were executing a search warrant for drugs, and (2) Defendant was on probation. The majority concludes that this constitutes sufficient reasonable suspicion to search the purse. Majority Opinion ¶¶ 19-20. Respectfully, I disagree. If this were so, these two factors *alone* would constitute reasonable suspicion. Thus, mere presence where a crime is being investigated coupled with the fact of probation would negate the requirement of reasonable suspicion. Our case law is very clear that mere presence alone at a residence where a search warrant is being executed for drugs does not justify the arrest or detention of the mere visitor. *State v. Graves*, 119 N.M. 89, 94, 888 P.2d 971, 976 (Ct. App. 1994). In *State v. Martinez*, 1996-NMCA-109, ¶ 34, 122 N.M. 476, 927 P.2d 31, we specifically stated that police officers cannot detain a non-resident who is present during a drug raid on a home on the basis of his presence alone. There must be "presence plus" facts that would make detaining or searching a non-resident reasonable under the circumstances. *Id.* (internal quotation marks and citation omitted).

**{44}** In this case, Defendant was not shown to have any connection with the drugs being sought under the search warrant; there are no facts showing that the officers had grounds to suspect such a connection; there were no circumstances presented to give rise to a reasonable suspicion that Defendant was involved in criminal activity; there was no evidence of any attempts by Defendant to flee; there was no evidence of furtive gestures or sudden movements made by Defendant towards a weapon; there was no evidence of any threats made by Defendant; there was no evidence that Defendant resisted detention; there was no evidence that Defendant would destroy evidence; and there was no evidence that Defendant was the target of the search warrant. *See Graves*, 119 N.M. at 94, 888 P.2d at 976 (concluding that under similar circumstances, it was not reasonable for police officers to detain a visitor of premises which were being searched pursuant to a search warrant). The evidence fails to establish reasonable suspicion that Defendant was committing or about to commit any criminal offense. Under these circumstances, there is no reasonable suspicion.

**{45}** Notwithstanding the assertion of the majority to the contrary (Majority Opinion, ¶ 23), I completely disagree with the majority's analysis of reasonable suspicion as it concerns both the vehicle and the purse. In addition, I do not engage in any analysis of whether Defendant's purse was justified as being on her "person" as the majority does. Majority Opinion, ¶ 21.

**CONCLUSION**

**{46}** The search of Defendant's vehicle and purse was not justified by Defendant's probation condition at the commencement of the search. These searches were not

14

undertaken pursuant to, and under the authority of, Defendant's condition of probation. Since the officers were unaware of Defendant's condition of probation when they commenced the search, I would reverse the order of the district court denying Defendant's motion to suppress on this basis alone. In the alternative, I respectfully submit that the evidence totally fails to demonstrate reasonable suspicion to search Defendant's vehicle and purse. On this alternative basis, I would also reverse the order of the district court. Since the majority disagrees, I dissent.

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *State v. Brusuelas*, No. 27,107**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SB | Substantial or Sufficient Evidence |
| AE-SR | Standard of Review |
| AE-RM | Remand |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CR | Conditions of Probation |
| CA-MR | Motion to Suppress |
| CA-SZ | Search and Seizure |
| CA-RS | Reasonable Suspicion |
| CA-WS | Warrantless Search |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-FA | Fourth Amendment |