OPINION BUSTAMANTE, Judge. {1} Dana Brusuelas (Defendant) appeals her conviction for possession of methamphetamine in violation of NMSA 1978, Section 30-31-23(D) (1990) (amended 2005). She raises two issues arising from the district court’s denial of her motion to suppress evidence: (1) whether law enforcement officers may conduct warrantless searches of a probationer outside the direction of a probation officer or without the probationer’s consent, and (2) whether the law enforcement agents had reasonable suspicion that Defendant was committing or had committed a crime and that her vehicle or purse contained evidence of the crime sufficient to support a warrantless search. We affirm Defendant’s conviction. BACKGROUND AND FACTS {2} On January 6, 2005, law enforcement agents executed a search warrant at a home in Alamogordo, New Mexico, based on a tip that methamphetamine was for sale there. The warrant covered the home, curtilage, and vehicles at the home. Defendant, who was on probation as a result of an earlier conviction, happened to be present at the home as a visitor. One of the conditions of her probation (Paragraph 9) was that she would “submit to warrantless searches of [her] person, residence and vehicle at the discretion or direction of [her] probation officer or any law enforcement officer.” {3} Before searching the only vehicle at the scene, the agents determined that it belonged to Defendant. At some point, they also learned that she was on probation and unsuccessfully tried to reach her probation officer. Upon searching the vehicle, the agents found drug paraphernalia, which Defendant admitted was hers. Shortly after searching the vehicle, the agents searched Defendant’s purse inside the home and discovered the methamphetamine on which her conviction was based. The district court denied Defendant’s motion to suppress the evidence discovered in the searches. {4} The district court made several relevant findings of fact and conclusions of law in connection with its denial of the motion to suppress. The court concluded that there was no probable cause to search Defendant’s purse, the search of the purse was not a search incident to arrest, the searches of Defendant’s purse and vehicle were not within the scope of the warrant being executed, Defendant was on the premises as a visitor, and the search of Defendant’s purse went beyond what was arguably necessary to check for weapons. The court concluded, however, that “[P]aragraph 9 in the Judgment and Sentence was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement agents are conducting a search for illegal drugs.” Accordingly, the district court concluded that the searches of Defendant’s vehicle and purse were reasonable and denied her motion to suppress. PROBATION SEARCH BY LAW ENFORCEMENT OFFICER Standard of Review {5} “The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party.” State v. Jason L., 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). “We review factual determinations by the trial court under a substantial evidence standard” and legal questions de novo. State v. Duran, 2005-NMSC-034, ¶ 19, 138 N.M. 414, 120 P.3d 836. “[A]ll reasonable inferences in support of the [district] court’s decision will be indulged in, and all inferences or evidence to the contrary will be disregarded.” Jason L., 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (alterations in original) (internal quotation marks and citation omitted). Conflicts in the evidence, even within the testimony of a witness, are to be resolved by the fact finder at trial. Id. {6} “We review whether a court’s imposition of a condition of probation is lawful under an abuse of discretion standard.” State v. Baca, 2004-NMCA-049, ¶ 13, 135 N.M. 490, 90 P.3d 509. “The court has broad discretion to effect rehabilitation and may impose conditions [of probation] designed to protect the public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct.” State v. Garcia, 2005-NMCA-065, ¶ 11, 137 N.M. 583, 113 P.3d 406 (internal quotation marks and citation omitted). Discussion {7} As an initial matter, the State argues that Defendant did not preserve the issue of whether Paragraph 9 was constitutionally permissible because she did not invoke a ruling on the question in district court as required by Rule 12-216(A) NMRA. We conclude that the issue was adequately preserved. First, Defendant’s motion to suppress evidence makes several assertions that implicitly argue that the “any law enforcement officer” provision in Paragraph 9 would be enforceable only if it were interpreted as requiring that certain circumstances be present, such as exigent circumstances, probable cause, or a need for an inventory search, and that, in the absence of such circumstances, the provision was not enforceable. Second, as argued in Defendant’s reply brief, if Paragraph 9 includes an unconstitutional requirement, it amounted to an illegal sentence. A challenge to an illegal sentence raises a jurisdictional question. See, e.g., State v. Shay, 2004-NMCA-077, ¶ 6, 136 N.M. 8, 94 P.3d 8. This Court may consider jurisdictional questions even if no ruling on the issue was fairly invoked in district court. Rule 12-216(B). Accordingly, we proceed to the merits of Defendant’s argument. {8} In her motion to suppress evidence, Defendant contended that her rights were violated under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. Defendant does not argue that the New Mexico Constitution should be interpreted differently from the United States Constitution in the context of this appeal. “Thus, we assume without deciding that both constitutions afford equal protection to individuals against unreasonable seizures in this context, and we analyze the constitutionality of the seizure under one uniform standard.” State v. Ochoa, 2004-NMSC-023, ¶ 6, 135 N.M. 781, 93 P.3d 1286. {9} “The federal and New Mexico Constitutions are not a guarantee against all searches and seizures, only unreasonable ones.” State v. Rowell, 2008-NMSC-041, ¶ 29, 144 N.M. 371, 188 P.3d 95. “Warrant-less probation searches and seizures must comply with the reasonableness components of the Fourth Amendment and of Article II, Section 10, of the New Mexico Constitution.” State v. Ponce, 2004-NMCA-137, ¶ 16, 136 N.M. 614, 103 P.3d 54. “ ‘[T]he reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual’s privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.’ ” Baca, 2004-NMCA-049, ¶ 26, 135 N.M. 490, 90 P.3d 509 (quoting United States v. Knights, 534 U.S. 112, 118-19, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001)). “A search and seizure conducted without a warrant is unreasonable unless it is shown to fall within one of the exceptions to the warrant requirement.” State v. Diaz, 1996-NMCA-104, ¶ 8, 122 N.M. 384, 925 P.2d 4. “A valid consensual search has been acknowledged as an exception to the warrant requirement.” Id. ¶ 9. {10} A condition of probation must be “reasonably related to [the probationer’s] rehabilitation.” NMSA 1978, § 31-20-6(F) (2007). “To be reasonably related, the probation condition must be relevant to the offense for which probation was granted.” State v. Gardner, 95 N.M. 171, 174, 619 P.2d 847, 850 (Ct.App.1980). {11} We have not previously considered whether a condition of probation allowing warrantless searches by law enforcement agents without the participation of probation officers is inherently unreasonable and thus impermissible. In State v. Gallagher, 100 N.M. 697, 699, 675 P.2d 429, 431 (Ct.App.1984), we specifically declined to reach the question. In Gallagher, which concerned consent to searches by a probation officer, we stated, “[w]e do not reach the question in this case whether probationary search conditions may be extended to allow searches by any law enforcement officials.” Id. In the present case, although we again decline to establish a general rule, we conclude that the searches of Defendant’s vehicle and purse were reasonable under existing law. {12} Citing Gardner, Defendant argues that warrantless searches of probationers must be conducted by or under the direction of probation officers, unless the probationer consents to the search. In Defendant’s case, the search was conducted by agents of the Otero County Narcotics Enforcement Unit and the Alamogordo Department of Public Safety. We do not interpret Gardner as narrowly as Defendant. In Gardner, a condition of the defendant’s probation was that he “shall submit to a search of his car, person or residence at anytime upon request of his probation officer.” 95 N.M. at 172, 619 P.2d at 848. Thus, language in Gardner suggesting that the search by a law enforcement officer was proper “because it was requested by the probation officer” relates to the fact that the defendant there, unlike Defendant here, had not agreed to be searched by any law enforcement officer. Id. at 175, 619 P.2d at 851. {13} In State v. Marquart, 1997-NMCA-090, 123 N.M. 809, 945 P.2d 1027, where the central issue was whether the exclusionary i*ule applied in probation revocation hearings, the defendant was searched by a law enforcement officer in the course of a traffic stop. The defendant was on probation but had not agreed to warrantless searches. Holding that the exclusionary rule applied, we observed that our holding “does not prevent a court from imposing as a condition of probation that the probationer give his or her consent to reasonable warrantless searches by a probation officer to ensure compliance with the conditions of probation.” Id. ¶ 19. In limiting this observation to probation officers, we again indicated our disinclination to rule on whether consent to warrantless searches by any law enforcement officer was a permissible condition of probation, while at the same time indicating our continued approval of conditions such as the one in Gardner, which limited warrantless searches to ones involving probation officers. {14} In Knights, the United States Supreme Court upheld a warrantless search of a probationer’s home in circumstances similar to those before us. The defendant, on probation for a drug offense, had agreed to submit to searches by any probation or law enforcement officer as a condition of his probation. 534 U.S. at 114, 122 S.Ct. 587. A detective investigating an arson observed suspicious items in a truck belonging to an individual who had just left the defendant’s home. Id. at 115, 122 S.Ct. 587. Based on these observations, the detective, aware of the condition of probation in the defendant’s probation order, returned to the defendant’s home and conducted a warrantless search, which revealed incriminating evidence. Id. In holding that the search was reasonable, the Supreme Court balanced the degree of intrusion on the defendant’s privacy against the protection of legitimate government interests. Regarding the intrusion on the defendant’s privacy, the Court stated, “[ijnherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled.” Id. at 119, 122 S.Ct. 587 (internal quotation marks and citation omitted). The Court also found that two government interests were served, stating, “[i]t was reasonable to conclude that the search condition [of probation] would further the two primary goals of probation— rehabilitation and protecting society from future criminal violations.” Id. Balancing these considerations, the Court found that the lesser standard of reasonable suspicion, not probable cause, “satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable.” Id. at 121. We have cited the Knights approach with approval. “In New Mexico, as well, whether a search is unreasonable is determined by balancing the degree of intrusion into a probationer’s privacy against the interest of the government in promoting rehabilitation and protecting society.” Baca, 2004-NMCA-049, ¶ 32, 135 N.M. 490, 90 P.3d 509. {15} Applying the above principles to the circumstances of Defendant’s case, we conclude that Paragraph 9 was consistent with our prior cases and constitutionally permissible. First, as discussed below, the presence of Defendant at a home being searched for evidence of drug sales met the standard of reasonable suspicion. Knights, 534 U.S. at 121, 122 S.Ct. 587; Baca, 2004-NMCA-049, ¶ 41, 135 N.M. 490, 90 P.3d 509. Second, Defendant agreed to the condition of probation in Paragraph 9 that required her to submit to warrantless searches by any law enforcement officer. See Gallagher, 100 N.M. at 699, 675 P.2d at 431 (rejecting the defendant’s argument that a choice between a consent-to-search provision and going to prison was not really a choice and thus consent was not voluntary). Third, Paragraph 9 appears to be reasonably related to Defendant’s rehabilitation. The record indicates that the offense for which Defendant was on probation was child abuse (negligently caused, no great bodily harm). The warrant-less search condition appears to indirectly further the goal of preventing another incident of child abuse. We observe that the judgment and sentence in which Paragraph 9 appears contains indications that alcohol was involved, as another condition of probation required Defendant to complete a two-year inpatient program and to avoid alcohol. Requiring Defendant to submit to searches would tend to advance her rehabilitation by ensuring that she did not possess alcohol. In addition, though the probationary strictures emphasize alcohol use, they are not limited to alcohol. The requirement under Paragraph 5 that Defendant “submit to substance abuse screening and any recommendations from that screening” are broader and could cover methamphetamine or other drug use. Fourth, because the agents were aware that Defendant was on probation at the time of the searches, in the circumstances — the agents were executing a search warrant at an alleged drug home — the search was reasonably related to “[t]he general purposes of probation, under federal or New Mexico law, [of] rehabilitation and deterrence for community safety.” Baca, 2004-NMCA-049, ¶ 36, 135 N.M. 490, 90 P.3d 509. Fifth, there is no indication that the agents knew beforehand that Defendant would be present at the home, and thus the search cannot be considered “a subterfuge for criminal investigation].” Gardner, 95 N.M. at 175, 619 P.2d 847 (internal quotation marks and citation omitted). The presence of these factors distinguishes the circumstances of this search from those where reasonableness is questionable or absent, such as one where a police officer stops a probationer on the street with no indication that anything criminal is afoot. We conclude that Paragraph 9 was properly applied. {16} We acknowledge the point made by the dissent with regard to the potential difficulty raised by the likelihood that the agents here were not aware of the probation condition allowing them to conduct a warrantless search of Defendant. Had it been made below it might well be dispositive. The difficulty is that the argument was not made to the district court. We see no way to address the argument substantively in this case. REASONABLE SUSPICION Standard of Review {17} We have held that “warrantless probation searches can and must be supported by reasonable suspicion as defined in New Mexico law to be an awareness of specific articulable facts, judged objectively, that would lead a reasonable person to believe criminal activity occurred or was occurring.” Baca, 2004-NMCA-049, ¶ 43, 135 N.M. 490, 90 P.3d 509. “Determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.” State v. Urioste, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. Discussion {18} The district court concluded without elaboration that the searches of Defendant’s vehicle and purse were not done pursuant to the search warrant the agents were executing. Rather, the district court relied on the plain language of Paragraph 9 and Defendant’s agreement to it, and observed that the officer was aware of Defendant’s probation status. The district court’s decision letter states: The Court finds that these searches were reasonable under the circumstances. The Court concludes that paragraph 9 in the Judgment and Sentence was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement officers are conducting a search for illegal drugs. This provision is consistent with the goals and objectives of probation.... {19} The context of the searches of Defendant’s vehicle and purse includes the fact that a warrant was being executed pursuant to information that drugs were being sold at the home. In State v. Williamson, 2000-NMCA-068, 129 N.M. 387, 9 P.3d 70, the defendant’s vehicle was stopped for a traffic violation. Smelling alcohol, the officer administered the HGN test and was considering whether to conduct additional tests. Id. ¶2. At that point, a second officer told the first officer that he had found drugs on the defendant’s passenger. Id. ¶ 4. The first officer asked the defendant whether he also had drugs on him. The defendant consented to a search, during which the officer found drugs. Id. The defendant argued that there was no reasonable suspicion to support the expansion of the traffic stop into a drug investigation. Id. ¶ 5. We concluded that “[t]he presence of drugs in the car, even though in the passenger’s possession, was sufficient to reasonably arouse [the officer’s] suspicion that [the defendant also had drugs[,]” given the defendant’s indications of possible impairment. Id. ¶ 10. {20} We consider the circumstances of the present case analogous to Williamson. As discussed above, the agents needed only reasonable suspicion that Defendant was involved in criminal activity, not probable cause to search. As in Williamson, there was an additional factor supporting reasonable suspicion beyond mere presence. The additional factor in Williamson was the defendant’s own possible impairment. Here, the additional factor was the agents’ knowledge that Defendant was on probation. The alleged presence of drugs in the home being searched — an allegation presumably supported by probable cause, because a court had issued the search warrant — made it reasonable for the agents to suspect that Defendant, on probation, was somehow involved in the drug activity. “[I]t must be remembered that the very assumption of the institution of probation is that the probationer is more likely than the ordinary citizen to violate the law.” Knights, 534 U.S. at 120, 122 S.Ct. 587 (internal quotation marks and citation omitted). Accordingly, we conclude that the searches of Defendant’s vehicle and purse were based on reasonable suspicion, and thus were constitutionally permissible. {21} Finally, Defendant argues that her purse was not on her “person” at the time it was searched, and thus was not covered by Paragraph 9’s requirement that she consent to searches of her “person.” The district court’s decision letter made no findings regarding the location of the purse at the time it was searched. Defendant’s motion to suppress does not raise this issue, although it was addressed at the hearing. Our own review of the suppression hearing transcript indicates that there was conflicting evidence on this question. Defendant herself testified that at the time the purse was searched, she was standing on a step next to the bar where her purse was, and that the purse was between one and two feet away from her. Defendant testified that she was not handcuffed, while Agent House, who searched the purse, testified that she was. Agent House testified that Defendant had told him the purse was hers. There was also some inconclusive testimony by Agent House, Agent Guthrie, and Defendant regarding whether, before the purse was searched, she would have been allowed to leave with a citation for the paraphernalia without a custodial arrest. We find no testimony definitively establishing whether the purse was ever in Defendant’s physical possession during the relevant times. {22} At the hearing, Defendant’s counsel argued both that the purse was not on her person, and that a person has a heightened expectation of privacy in items such as purses or wallets. The State’s brief analogizes purses to pockets in clothing used to carry personal effects, which presumably could be searched in a search of the “person.” Defendant having cited no authority to the contrary, and having acknowledged that the purse was within one to two feet of her at one point, we conclude that the purse was sufficiently part of her person so as to come within a search pursuant to Paragraph 9. {23} The dissent does not take direct issue with our analysis. Rather it argues that there could be no reasonable suspicion of anything absent the material found in the vehicle and the search of the vehicle was improper because it was not proper under the warrant. The dissent fails to recognize that all of the factors supporting reasonable suspicion in this case apply with equal vigor to the vehicle search. That search cannot be isolated from the rest of the case. CONCLUSION {24} For the reasons set forth above, we conclude that in the circumstances of her case, the condition of Defendant’s probation that she consent to searches by “any law enforcement officer” was applied consistent with federal and state constitutional principles in the searches of her vehicle and purse. We affirm Defendant’s conviction. {25} IT IS SO ORDERED. I CONCUR: ROBERT E. ROBLES, and MICHAEL E. VIGIL, Judges, dissenting.